[No. B134874. Second Dist., Div. Two. May 29, 2001.]

WILLIAM LEADER et al., Plaintiffs and Appellants, v.
HEALTH INDUSTRIES OF AMERICA, INC., et al., Defendants and
Respondents.

## COUNSEL

Law Offices of Michael McEntee and Michael McEntee for Plaintiffs and Appellants.

Thomas A. Bolan & Associates and Thomas A. Bolan for Defendants and Respondents.

OPINION

**DOI TODD, J.**—The demurrers of defendants and respondents Health Industries of America, Inc., et al.[1] (defendants) to the third amended complaint of plaintiffs and appellants William Leader and Leader Psychiatric Medical Group (plaintiffs) were sustained with leave to amend. Plaintiffs did not file a fourth amended complaint within the time specified by the court. More than a month later plaintiffs' counsel arrived at a status conference with a proposed fourth amended complaint. The trial court advised counsel plaintiffs would be required to make a motion for leave before the amended complaint would be accepted for filing.

Plaintiffs moved for leave to file the amended pleading, relying on the provision of Code of Civil Procedure section 473, subdivision (b)[2] that mandates relief for dismissals entered as a result of an attorney's "mistake, inadvertence, surprise or neglect." (§ 473, subd. (b).) Counsel declared the amended complaint had not been timely filed because he had misplaced client documents containing information necessary to remedy the pleading deficiencies which led to the sustaining of the demurrers. Counsel considered it "futile" to ask for more time to plead if he could not be sure he would find those materials.

Defendants opposed the motion and simultaneously moved to strike the proposed pleading and dismiss the action for failure to amend within the time allowed after the sustaining of a demurrer. (§ 581, subd. (f)(2).) The trial court granted defendants' motions and ordered the action dismissed.

On appeal, plaintiffs contend section 473's mandatory relief provision required that they be allowed to file an amended complaint, and precluded dismissal of the action. We disagree. The mandatory relief provision is not applicable under these circumstances. Accordingly, the judgment will be affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action is essentially a business dispute between a doctor and a hospital. Plaintiffs filed their original complaint in late 1993. The trial court sustained demurrers to the original, first amended, and second amended complaints. At that point plaintiffs elected not to amend, and "stood" on the

---

[1]Health Industries of America, Inc., HIA of Ca., Inc., Edgemont Hospital, St. Thomas Health Services, Estill Mitts, also knows as Skip Mitts, Professional Staff of Edgemont Hospital, Donald Beld, James Gill, John Feinhar, Gary Allen Chase, Nancy Wolf, Barry Scott Solof.

[2]All further statutory references are to the Code of Civil Procedure.

allegations of the second amended complaint for purposes of appellate review. In an unpublished decision, a majority of this court concluded the trial court should not have sustained the demurrers without leave to amend.[3]

Following remand, plaintiffs filed a third amended complaint. Again defendants successfully demurred. The trial court sustained defendants' special demurrer for uncertainty to the first cause of action (breach of contract), finding the allegations of multiple contracts within a single cause of action rendered the pleading uncertain as to the identity of the parties to and the operative terms of the various agreements, and as to whether those agreements were written, verbal or implied in fact or law.[4] The court also sustained a general demurrer to the second cause of action (tortious interference with prospective business relationships), concluding the third amended complaint was "devoid of factual allegations that establish the prospective business relationships."

The trial court allowed plaintiffs 20 days leave to amend. Shortly before expiration of that period, plaintiffs' counsel obtained defendants' counsel's stipulation to extend the period by several days. The stipulated date passed without an amended pleading being filed. Plaintiffs' counsel did not request a further extension from the court or opposing counsel.

The trial court was alerted to the absence of a timely amended pleading when the parties failed to appear for a scheduled status conference.[5] The court summoned counsel to a status conference on 24 hour's notice. Although the court-imposed amendment deadline had expired more than a month earlier, plaintiffs' counsel arrived at the status conference with a fourth amended complaint, handed a copy to defendants' counsel, and (in the words of the trial court) "just dropped it" on the court. The court instructed plaintiffs' counsel to bring a motion for leave to file the pleading.

A.  *Plaintiffs' Motion for Leave to File an Amended Complaint.*

Plaintiffs then filed a "Motion Under CCP § 473 For Order to File Amended Complaint," attaching a copy of the proposed pleading. Plaintiffs asked that the complaint be filed and that they be relieved of "what, if any, default or dismissal, may have been entered in this matter."

The factual basis for plaintiffs' motion was a "Declaration of Counsel in Support of Motion for Relief Under CCP § 473." Counsel declared that after

---

[3]*Leader v. Health Industries of America, Inc.* (Apr. 30, 1998, B098284) (nonpub. opn.).

[4]Defendants also argued that some of the alleged contracts were the subject of separate causes of action in the second amended complaint to which demurrers had been sustained without leave to amend, and that plaintiffs had not challenged those rulings in the prior appeal.

[5]Defendants contend plaintiffs were at fault in failing to give notice of this conference.

demurrers were sustained to the third amended complaint he began looking for client documents he had received years earlier, to ascertain the names of specific patients with whom plaintiffs had an economic relationship, because: "That list was crucial to effectively responding to the court's ruling."

Plaintiffs' counsel sought and received a stipulation from defendants' counsel to a two-week extension, but could not find the documents in his or his clients' offices or off-site storage by the extended April 9, 1999 filing deadline. Counsel concluded: "[i]t would be futile to ask more time from the court to plead the cause of action if I could not be sure that we could find the exhibit files," and he did not attempt to timely file an amended pleading.

Counsel declared he continued looking for the documents on occasion and finally found them in a mislabeled box in off-site file storage on May 7, 1999. He could not spend more time searching for the documents because he was taking care of his ailing mother. Counsel claimed the documents were misplaced when he moved his office years earlier: "I simply did not catch the fact that the box of files was placed according to its old marking rather than its new marking. So it was my fault that the files were misplaced. [¶] . . . Armed with those exhibit files, I was able to then draft the Fourth Amended Complaint. The Complaint meets the requirements of the court. A representative list of those patients is listed in the Cause of Action for the tort of intentional interference with prospective economic relations. [¶] . . . The fault of being late in filing the Fourth Amended Complaint was entirely my own."

In their one-page memorandum of points and authorities, plaintiffs stated: "[T]he **mandatory relief provision** of CCP § 473 applies because: [¶] 1. The Plaintiffs were entirely without fault. [¶] 2. The fault of the delay in filing the Amended Complaint was exclusively due to the error or neglect of Plaintiff's counsel. [¶] 3. The Plaintiff's counsel diligently tried to find the files and succeeded. [¶] 4. There was no possible prejudice to defendants or their counsel in the delay. . . . [¶] 5. Settlement efforts during that time period have moved the parties closer together. It would be a triumph of form over substance to not permit the filing of the Amended Complaint." (Boldface in original.)

Defendants opposed the motion, arguing the mandatory relief provision of section 473 was inapplicable, and that the trial court retained discretion to grant or deny plaintiffs' motion for leave to belatedly file the amended complaint, as well as discretion to strike the complaint under section 436 and/or dismiss the action under section 581, subdivision (f)(2). Defendants claimed amending the complaint to add the names of specific patients did

not address the pleading deficiencies noted in the third amended complaint, and that counsel's proffered excuse for delay was therefore not credible.

## B. *Defendants' Motion to Strike and Dismiss.*

In addition to opposing plaintiffs' motion for leave to amend, defendants filed their own motion to be heard the same date, asking the court to strike the amended complaint and dismiss the action. Defendants argued that by failing to amend during the time specified, plaintiffs' "right to do so ceased," rendering the action subject to dismissal under section 581, subdivision (f)(2). Assuming the court determined that plaintiffs, by tendering an amendment before defendants moved to dismiss, became entitled to file the pleading, defendants claimed it should nevertheless be stricken and the action dismissed for a number of reasons, including that the case was nearly six years old; demurrers had repeatedly been sustained with leave to amend; plaintiffs had requested and been granted an extension of time to amend but had failed to meet the deadline; plaintiffs had not asked for any further extension from the court or defendants after the allegedly critical documents could not be found in time; the proposed amendment was over a month late; and the amendment did not adequately address the pleading deficiencies noted in sustaining the latest demurrers.

Plaintiffs opposed defendants' motion on the ground they had sought leave of court to file the amended complaint before defendants filed their motion to dismiss, and that defendants had failed to establish prejudice. Plaintiffs argued section 581, subdivision (f)(2) did not require dismissal of the action for failure to file a timely amended pleading, and that they were entitled to mandatory relief from the results of their attorney's neglect under section 473, subdivision (b).

The court heard the motions together, stating near the outset: "Now here we are after having gone to the Court of Appeal. I understand it was reversed. . . . I know it got sent back down here. You came before me, I gave you leave to amend, I gave you 20 days leave to amend, you didn't amend. [¶] You called counsel, you asked counsel for a stipulated continuance. He gave you a stipulated continuance so that you could amend and then on the date that it was due, you still didn't file it and you didn't call him; you didn't ask him for another period of time. You didn't come back to court. [¶] . . . [I]f I hadn't set this for a status conference realizing that somehow it had slipped through the cracks, we probably wouldn't even be here today. [¶] If my memory is correct you came into the status conference, you had your amended complaint in your hand. You handed it to counsel or wanted to hand it to counsel and just dropped it on the court. And I said, no,

you are going to both brief this because we are at the end of the road here. Now this is ridiculous."

After hearing argument, the court concluded: "I think that at this point that you have had ample opportunity to amend this complaint. This has been—this is painful. [¶] I mean just seeing what this has gone through, but at this point, one of the reasons that we do have these rules is because in order to make sure that litigation moves at a fair, in a fair way between the parties, and that you will obey the court's orders, it—I'm just not going to go any further. That's it. . . . [Y]ou don't seem to comply with what the court tells you to do. [¶] Your co-counsel agreed to give you extra time and you could have gone to him, you could have come to the court. You did none of those things . . . . [¶] And so, the motion to strike the late fourth amended complaint is granted and the dismissal is granted."

## II. Discussion

### A. *Appealability and Scope of Review.*

Plaintiffs' notice of appeal states that plaintiffs appeal the trial court's March 2, 1999 ruling sustaining defendants' "several demurrers to the third amended complaint," the June 22, 1999 ruling "denying plaintiffs' motion to file the fourth amended complaint," and the June 22 ruling "granting defendants' motion to dismiss."

■ The order sustaining the demurrers with leave to amend is not itself appealable, but review of such a ruling may be had in an appeal from the ultimate order of dismissal. (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457 [212 Cal.Rptr. 743].) However, plaintiffs have presented no argument or authority in support of any contention that the trial court erred in sustaining the demurrers. This aspect of plaintiffs' appeal has been abandoned. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 710-711 [152 Cal.Rptr. 65].)

■ An order denying a motion to vacate a judgment or dismissal under section 473 is appealable (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [72 Cal.Rptr.2d 188]), but plaintiffs have not specifically noticed such an appeal, presumably because their motion under section 473 was brought to preclude *entry* of a dismissal, rather than to vacate one.

Plaintiffs purport to appeal the court's order denying their motion to file the fourth amended complaint, but the record does not reflect such a ruling.

The trial court ordered that the amended complaint be stricken; it would appear unnecessary to strike a pleading the court would not allow plaintiffs to file. A determination of what actually transpired is not necessary. Appeal may be taken from the trial court's written, signed order dismissing the action (§ 581d) and striking the complaint. (*Morales v. Camello* (1970) 12 Cal.App.3d 370, 371 [90 Cal.Rptr. 718].)

### B. *Standard of Review.*

■ A trial court's determinations to deny leave to file a belated amended pleading under section 473, subdivision (a)(1) (*Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 135 [125 Cal.Rptr. 59]), to strike a pleading under section 436 (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827 [31 Cal.Rptr.2d 625]), and to dismiss an action under section 581, subdivision (f)(2) (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054 [223 Cal.Rptr. 329]) are all reviewed for abuse of discretion. The burden is on plaintiffs to establish such abuse. (*Harding*, at p. 1054.)

However, if the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief. In this case the applicability of the mandatory relief provision does not turn on disputed facts and presents a pure question of law subject to de novo review.

### C. *Effect of Plaintiffs' Failure to File Amended Complaint Within the Time Specified After Demurrers Were Sustained.*

■ Plaintiffs emphasize that their presentation of the proposed amended complaint predated defendants' motion to dismiss, and that the trial court had not set any order to show cause re dismissal. Regardless, plaintiffs' failure to file an amended complaint within the time allowed by the court had a number of immediate statutory ramifications central to our consideration of whether plaintiffs were entitled to invoke the mandatory relief provision of section 473.

First, plaintiffs no longer had an unfettered right to file an amended complaint. ■ "[A] litigant does not have a positive right to amend his pleading after a demurrer thereto has been sustained. 'His leave to amend afterward is always of grace, not of right. [Citation.]' [Citation.]" (*Gautier v. General Tel. Co.* (1965) 234 Cal.App.2d 302, 310 [44 Cal.Rptr. 404].) Under section 472, a plaintiff may only amend as a matter of course before an answer or demurrer is filed or before trial of the issue of law raised in the demurrer. At that point "the plaintiff's right to amend as a matter of course

is gone." (*Loser v. E. R. Bacon Co.* (1962) 201 Cal.App.2d 387, 389 [20 Cal.Rptr. 221].) After expiration of the time in which a pleading can be amended as a matter of course, the pleading can only be amended by obtaining the permission of the court. (See §§ 472, 473; *People ex rel. Dept. of Pub. Wks. v. Clausen* (1967) 248 Cal.App.2d 770, 783 [57 Cal.Rptr. 227].)

Second, to obtain the court's permission, plaintiffs were required to file a noticed motion for leave. (*Loser v. E. R. Bacon Co., supra*, 201 Cal.App.2d at pp. 389-390.) Under section 473, subdivision (a)(1): "The court may, in furtherance of justice, and on any terms as may be proper, . . . in its discretion, *after notice to the adverse party*, allow, upon any terms as may be just, an amendment to any pleading or proceeding . . . ." (Italics added.) Assuming proper notice, the trial court has wide discretion in determining whether to allow the amendment, but the appropriate exercise of that discretion requires the trial court to consider a number of factors: "*including the conduct of the moving party and the belated presentation of the amendment.* [Citation.] . . . The law is well settled that a long deferred presentation of the proposed amendment without a showing of excuse for the delay is itself a significant factor to uphold the trial court's denial of the amendment. [Citation.]" (*Bedolla v. Logan & Frazer, supra*, 52 Cal.App.3d at pp. 135-136, italics added.) "The law is also clear that even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial." (*Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 939-940 [119 Cal.Rptr. 82].)

Third, plaintiffs' failure to file an amended complaint within the time allowed by the court subjected any subsequently filed pleading to a motion to strike, either by defendants or on the court's own motion. We have expressly recognized a trial court's authority to strike pleadings "not filed in conformity with its prior ruling." (*Ricard v. Grobstein, Goldman, Stevenson, Siegel, LeVine & Mangel* (1992) 6 Cal.App.4th 157, 162 [8 Cal.Rptr.2d 139].) Under section 436: "The court may, upon a motion made pursuant to Section 435 [allowing motions to strike], *or at any time in its discretion*, and upon terms it deems proper: [¶] . . . [¶] (b) Strike out all . . . of any pleading not drawn or filed in conformity with . . . an order of the court." (Italics added.) Indeed, "by virtue of its *inherent* power to prevent abuse of its processes" (italics added), a trial court may strike an amended complaint "filed in disregard of established procedural processes," and may strike an amended pleading "because no request for permission to amend was sought." (*Loser v. E. R. Bacon Co., supra*, 201 Cal.App.2d at p. 390.)

Finally, plaintiffs' failure to file an amended complaint within the time specified subjected their entire action to dismissal in the court's discretion under section 581, subdivision (f)(2). Under that statute, the court

may dismiss the complaint when: "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (§ 581, subd. (f)(2).)

We disagree with plaintiffs' contention that their presentation of the belated, unfiled complaint at a status conference before defendants had filed a motion to dismiss operated, in and of itself, to cut off the court's ability to dismiss the action on defendants' subsequent motion. Plaintiffs' reliance on *Gitmed v. General Motors Corp., supra,* 26 Cal.App.4th 824 (*Gitmed*) for this proposition is misplaced. *Gitmed* found only that where an amended pleading had been served before a motion to dismiss for failure to amend was brought: "[t]he proper procedure would have been for the defendant to bring a motion to strike the amendment *before* moving to dismiss the complaint. *The trial court could then have chosen to exercise its discretion to strike the amendment as untimely and thereafter entertained a motion to dismiss the action.*" (*Id.* at p. 828, fn. omitted, first italics in original, second italics added.)

Here, recognizing that the court could allow the amended complaint to be filed, defendants moved *both* to strike the pleading and to dismiss the action. The court expressly granted the motion to strike, then ordered the action dismissed. This satisfies the procedural concerns of *Gitmed.* No reason appears in this case to require that additional time and expense be incurred in filing a separate motion to dismiss after the court has ordered the amended complaint stricken.

Other than the question of the applicability of the mandatory relief provision of section 473, subdivision (b), plaintiffs make no separate claim on appeal that the trial court abused its wide discretion under any of the above statutes or authorities. We agree that the record reveals no abuse of that discretion. The action had been pending for nearly six years. Demurrers had been sustained to the third amended complaint, and plaintiffs make no claim the trial court erred in that regard. Plaintiffs did not amend within the time allowed by the court, and did not even attempt to do so until more than a month after the deadline had passed. If, as counsel declared, the reason for the failure to timely file was a search for missing documents, there is no apparent reason why plaintiffs did not bring the issue to the court's or opposing counsel's attention or seek any further extension of the time in which to plead. Moreover, without passing on the propriety of the ruling sustaining the demurrers, we note that if the trial court ruled as set forth in the notice of ruling, it does not appear that a list of actual patient names (as opposed to descriptive factual allegations concerning classes of persons and

types or characteristics of their economic relationships with plaintiffs) was in any way critical to the ability to file an amended pleading that would withstand demurrer.

It is also worthy of note that plaintiffs did not contend in the trial court that they were entitled to *discretionary* relief under section 473, subdivision (b), for "mistake, inadvertence, surprise, or *excusable* neglect." (Italics added.) Implicitly acknowledging that the neglect, if any, was *in*excusable, plaintiffs' approach in the trial court and on appeal has been to argue that the *mandatory* relief provision applies. In other words, plaintiffs contend that counsel's conduct was such as to leave the trial court with no discretion to do anything but accept the complaint for filing and deny defendants' motions to strike and dismiss.

For the reasons set forth below, we reject plaintiffs' contention that counsel's declaration of fault automatically excused violation of the trial court's orders and prevented the court from exercising its informed discretion to determine whether to grant leave to amend under section 473, subdivision (a), whether to strike the belated pleading under section 436, and whether to dismiss the action under section 581, subdivision (f)(2).

D.   *The Mandatory Relief Provision of Section 473, Subdivision (b) Did Not Apply.*

■   In pertinent part, section 473, subdivision (b) provides: "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, *order, or other proceeding taken against him or her* through his or her mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or *neglect, vacate* any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) *resulting default judgment or dismissal entered* against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.)

Section 473, subdivision (b) provides for two distinct types of relief. Under the discretionary relief provision, on a showing of "mistake, inadvertence, surprise, or excusable neglect," the court has discretion to allow relief from a "judgment, dismissal, order, or other proceeding taken against"

a party or his or her attorney. Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of "mistake, inadvertence, surprise, or neglect," the court shall vacate any "resulting default judgment or dismissal entered."

The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect. But the range of adverse litigation results from which relief can be granted is narrower. Mandatory relief only extends to *vacating* a default which will result in the entry of a default judgment, a default judgment, or an *entered* dismissal.

Plaintiffs' preemptive use of the mandatory relief provision to avoid any potential adverse ruling on the pending motions was therefore inappropriate. Section 473, subdivision (b) does not provide mandatory relief from orders or "other proceedings taken against" a party or counsel. Counsel's declaration concerning his inexcusable neglect and delay thus presented no answer to the issues posed by plaintiffs' motion for leave to amend or by defendants' motion to strike and dismiss. Plaintiffs could only use counsel's declaration of fault as a basis for vacating an entered dismissal, while the court could not enter a dismissal until it had exercised its informed discretion on the basis of the showings made in support of the pending motions.

Attorney conduct constituting inexcusable neglect (here including a deliberate decision not to attempt to timely file amended *allegations* due solely to the temporary absence of supporting *evidence*) would generally doom to failure any motion for leave to amend under 473, subdivision (a), any opposition to a motion to strike under sections 435 and 436, and any opposition to a motion to dismiss under section 581, subdivision (f)(2). But here, plaintiffs' premature use of counsel's declaration of fault as the factual support for their motion and opposition resulted in an anomalous argument that counsel's inexcusable neglect *forced* the court to *grant* the motion for leave to amend and *deny* defendants' motion to strike and dismiss.

The overlap between the factors the court was to consider in ruling on the motions to amend, strike and dismiss on the one hand, and in ruling on a motion to vacate any subsequently entered dismissal based on the mandatory relief provision on the other, serves to demonstrate that mandatory relief under section 473, subdivision (b) was simply unavailable to plaintiffs, regardless of whether the motion was brought before or after entry of dismissal.

Based on the facts in *Billings v. Health Plan of America* (1990) 225 Cal.App.3d 250 [275 Cal.Rptr. 80] (*Billings*) plaintiffs argue that this is "precisely" the type of situation to which the mandatory relief provision was intended to apply. Plaintiffs are incorrect.

*Billings* was decided under a former version of section 473, subdivision (b). The *Billings* plaintiff's action was dismissed when her attorney failed to file an amended complaint within the time specified by the court after it sustained a demurrer with leave to amend. The plaintiffs' attorney submitted a declaration detailing the fault of his former associate in failing to timely file an amended pleading, and the plaintiff obtained mandatory relief under section 473, subdivision (b). (*Billings, supra,* 225 Cal.App.3d at pp. 253-254.) The appellate court reversed, noting that the express terms of the mandatory relief provision in former section 473, subdivision (b) only allowed relief to *defendants* from default judgments caused by attorney neglect and could not be construed to extend similar relief to *plaintiffs* whose actions were dismissed due to attorney neglect. (*Billings,* at p. 255.)

The Legislature amended the mandatory relief provision in 1992 to specifically refer to dismissals. Courts interpreting the amended statute noted that the amendment appeared to be a response to *Billings.* (*Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1563, fn. 6 [33 Cal.Rptr.2d 366]; *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 604 [70 Cal.Rptr.2d 680] (dis. opn. of Epstein, J.).) Assuming this is so, it is of no aid to plaintiffs here. The *Billings* court held the mandatory relief provision as it then existed did not apply to dismissals. It did *not* hold that, if the statute *had* extended to dismissals, relief would necessarily be appropriate whenever it could be claimed that a plaintiff's attorney was at fault in failing to file an amended pleading following the sustaining of a demurrer with leave to amend.

We have not been cited to any case precisely on point. The decisions interpreting the amended mandatory relief provision as it pertains to dismissals indicate that relief is not allowed where, as here, the statutes governing the exercise of the court's discretion in the rulings leading to the dismissal require the court to evaluate the reasons for delay, and counsel's neglect did not prevent the plaintiffs from presenting those reasons.

The development of the law was recently summarized in *Generale Bank Nederland v. Eyes of the Beholder Ltd., supra,* 61 Cal.App.4th 1384: " 'Enacted in 1988, the attorney affidavit provision of section 473 originally applied only to defaults. Its purpose was "to relieve the innocent client of the

burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits." [Citation.] In the words of the author, " 'Clients who have done nothing wrong are often denied the opportunity to defend themselves, simply because of the mistake or inadvertence of their attorneys in *meeting filing deadlines.*' " [Citation.]' [Citation.] [¶] 'In 1992, the attorney affidavit provision was extended to provide mandatory relief from dismissals as well as defaults. The change was considered to be among the " '[n]oncontroversial proposals . . .' " contained in an omnibus civil practice bill. The State Bar, which sponsored the amendment, argued that " 'it is illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered . . . and not to provide *comparable relief* to plaintiffs whose cases are dismissed for the same reason.' " [Citation.] [¶] Although the statute on its face affords relief from unspecified "dismissal" caused by attorney neglect, our courts have, through judicial construction, prevented it from being used indiscriminately by plaintiffs' attorneys as a "perfect escape hatch" [citation] to undo dismissals of civil cases. Thus it has been held that the provision does not apply to dismissals under section 583.410 for delay in prosecution of the action because virtually all such dismissals are attorney caused and such a construction would result in a disfavored repeal of the discretionary dismissal statute by implication." (*Id.* at p. 1396, first italics in original, second italics added.)

" 'There is no evidence the amendment was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in a dismissal.' [Citation.]" (*Generale Bank Nederland v. Eyes of the Beholder Ltd., supra,* 61 Cal.App.4th at p. 1397, quoting from *Huens v. Tatum* (1997) 52 Cal.App.4th 259, 264 [60 Cal.Rptr.2d 438].) Courts have therefore interpreted the mandatory relief provision concerning dismissals so as to harmonize its stated goal (giving dismissed plaintiffs comparable relief to that afforded to defaulted defendants) with the statutes which authorize dismissal: "[T]he relevant provision of section 473 may be reconciled with the discretionary dismissal statutes only if limited to those dismissals which are the *procedural equivalent of defaults*—i.e., those which occur because the plaintiff's attorney *has failed to oppose a dismissal motion.*" (*Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1082 [67 Cal.Rptr.2d 475], citing *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817-1824 [41 Cal.Rptr.2d 182], italics added.) "[A] plaintiff may obtain mandatory relief under Code of Civil Procedure section 473 from a dismissal entered under the discretionary dismissal statutes (§ 583.410 et seq.) only if it occurred because the plaintiff's attorney failed to oppose the defendant's motion for dismissal; the plaintiff may not obtain mandatory relief merely by filing an affidavit in

which his or her counsel avows that the dismissal came about through counsel's fault." (*Bernasconi*, at p. 1080, fns. omitted, citing *Peltier*, at p. 1824.)

"Under our reading of amended section 473, a plaintiff seeking relief is granted 'comparable' relief to that obtained by a defaulting defendant. Thus, a default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded where the failure to appear is the fault of counsel. Similarly, under our view of the statute, a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel. The relief afforded to a dismissed plaintiff by our reading of the statute is therefore comparable to the relief afforded a defaulting defendant." (*Peltier v. McCloud River R.R. Co., supra,* 34 Cal.App.4th at pp. 1820-1821.)

The courts have recognized that the legislative history of the mandatory relief provision does not support using it to implicitly repeal discretionary dismissal statutes: "*Graham* [*v. Beers* (1994) 30 Cal.App.4th 1656 [36 Cal.Rptr.2d 765]] recognized that the discretionary dismissal statutes overlap with section 473's attorney affidavit provision, because both provisions focus upon 'excuses' for misfeasance. In other words, under the discretionary dismissal statutes, dismissals are 'ordered after a hearing in which the court has evaluated and considered the *excuses for delay.* Plaintiff cannot circumvent the court's ruling by filing an attorney affidavit of fault . . . .' [Citation.] In this respect, as *Graham* recognized, '. . . the Legislature cannot have intended section 473 to be the perfect escape hatch from the dismissal statutes. . . . "A plaintiff who has failed to convince the trial court that the prosecution of the case was diligent would have the case dismissed. That same plaintiff would then jump back into court on a section 473 motion, accompanied by an attorney's affidavit of negligence, and have the case reinstated based on the same facts offered, but discarded, in the hearing on the request to dismiss. The Legislature cannot have intended such an absurd result." ' [Citation.]" (*Lorenz v. Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 996-997 [47 Cal.Rptr.2d 362].)

In this case the court was required to evaluate the reasons for plaintiffs' delay in determining whether to allow filing of the belated amended pleading (§ 473, subd. (a)(1)), whether to strike the pleading filed in violation of court orders (§ 436), and/or whether to dismiss the action where demurrers had been sustained with leave to amend but plaintiffs failed to amend within the time specified (§ 581, subd. (f)(2)). Having considered the reasons for plaintiffs' delay in exercising its discretion under the above statutes, it would be an "absurd result" indeed to "have the case reinstated based on the same

facts offered, but discarded, in the hearing on the request to dismiss." (*Tustin Plaza Partnership v. Wehage, supra,* 27 Cal.App.4th at p. 1566.)

Finding that when the Legislature incorporated dismissals into section 473, subdivision (b) it intended to reach only those dismissals which occur through failure to oppose a dismissal motion—"the only dismissals which are procedurally equivalent to a default," courts have held the mandatory relief provision inapplicable to dismissals for failure to prosecute (*Peltier v. McCloud River R.R. Co., supra,* 34 Cal.App.4th 1809, 1817; *Tustin Plaza Partnership v. Wehage, supra,* 27 Cal.App.4th 1557; *Graham v. Beers, supra,* 30 Cal.App.4th 1656), dismissals for failure to serve a complaint within three years (*Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System, supra,* 57 Cal.App.4th 1078) dismissals based on running of the statute of limitations (*Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193]), and voluntary dismissals entered pursuant to settlement (*Huens v. Tatum, supra,* 52 Cal.App.4th 259, 264-265).

To this list we add discretionary dismissals based on the failure to file an amended complaint after a demurrer has been sustained with leave to amend, at least where, as here, the dismissal was entered after a hearing on noticed motions which required the court to evaluate the reasons for delay in determining how to exercise its discretion. Like discretionary dismissals for delay in prosecution, " 'virtually all such dismissals are attorney caused and such a construction would result in a disfavored repeal of the discretionary dismissal statute[s] by implication.' " (*Generale Bank Nederland v. Eyes of the Beholder Ltd., supra,* 61 Cal.App.4th at p. 1396, quoting from *Huens v. Tatum, supra,* 52 Cal.App.4th at p. 263.) "This conclusion is consistent with the narrow view of the Legislature's intent which appellate courts have taken, i.e., that the section's purpose was simply 'to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action.' [Citations.]" (*Huens,* at p. 264.)

Some decisions have stated that "[t]he purpose of the statute was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys." (E.g., *Huens v. Tatum, supra,* 52 Cal.App.4th at p. 264.) Plaintiffs rely on one such opinion, *Avila v. Chua* (1997) 57 Cal.App.4th 860 [67 Cal.Rptr.2d 373] (*Avila*), where the plaintiff was a week late in filing opposition to a motion for summary judgment. In a motion for relief under section 473, the plaintiff's counsel declared she had mistakenly calendared the date for the opposition. The trial judge found this was not good cause and denied the motion for relief. On

appeal, the court found the mandatory relief provision was applicable. The *Avila* court concluded the situation was "directly analogous to a default judgment: Due to counsel's late filing of crucial documents, the court decided the matter on the other parties' pleadings. There was no litigation on the merits." (*Avila*, at p. 868.)

Plaintiffs' reliance on *Avila* is misplaced. *Avila* has been questioned for its unnecessary resort to the mandatory relief provision where the same result would have obtained under the discretionary relief provision. (See, e.g., *Generale Bank Nederland v. Eyes of the Beholder Ltd., supra,* 61 Cal.App.4th at p. 1398; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 683 [68 Cal.Rptr.2d 228].) In *Garcia v. Hejmadi, supra,* 58 Cal.App.4th 674 (*Garcia*) the court further distinguished *Avila* on grounds equally applicable here: "Moreover the case supplies little guidance in a case such as ours *where opposition is filed but is insufficient on the merits.* [¶] . . . '[S]ection 473 may be reconciled with the discretionary dismissal statutes only if limited to those dismissals which are the procedural equivalent of defaults—i.e., those which occur because the plaintiff's attorney has failed to oppose a dismissal motion. [Citation.]' [Citation.] We find this reasoning equally serviceable here, where there was no complete failure to oppose [a summary judgment motion], but rather an opposition which was, though apparently timely and procedurally adequate, inadequate in substance. *This case was not a default but rather a motion lost, on its merits, after opposition was filed. Section 473 was not meant to apply to these facts.*" (*Garcia*, at p. 683, italics added.) Similarly, in *Generale Bank Nederland v. Eyes of the Beholder Ltd.*, the court agreed with *Garcia*'s comments about *Avila*, and succinctly distinguished it: "Unlike the situation in *Avila*, appellants here had an opportunity to present evidence at a hearing, and did so. Appellants had their day in court." (*Generale Bank*, at p. 1398.)

The same is true in this case. Plaintiffs' attorney's conduct did not deprive them of their "day in court" in opposition to the demurrers to the third amended complaint, and plaintiffs do not challenge the ruling sustaining those demurrers. Plaintiffs had an *opportunity* to amend, but in light of the unchallenged rulings on the prior demurrers we cannot say that the proposed amendment, which did not address all of the issues previously raised by the trial court, would necessarily have allowed plaintiffs to proceed to trial. In any event, the "day in court" envisioned by the above decisions is not a guaranteed trial on the merits, but merely the opportunity to appear and present evidence and argument *in opposition to the motion to dismiss.* There is no question that plaintiffs availed themselves of that opportunity. Plaintiffs were not entitled to mandatory relief under section 473, subdivision (b).

## III.   Disposition

The judgment of dismissal is affirmed. Respondents to recover their costs.

Nott, Acting P. J., and Cooper, J., concurred.