Filed 4/2/15  Martinez v. Lucero CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NOLVIA K. MARTINEZ, | B250875 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC491928) |
| v. | |
| PETER LUCERO et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa Beaudet, Judge.  Affirmed.

Law Offices of Charles O. Agege and Charles O. Agege for Plaintiff and Appellant.

Berman Berman Berman Schneider & Lowary, Evan A. Berman and Howard Smith for Defendants and Respondents Peter A. Lucero and Walt Jay Medical Corporation.

Horvitz & Levy, Lisa Perrochet, Katherine Perkins Ross; Law Offices of Jamie Skebba and Roy D. Goldstein for Defendant and Respondent Victor Navarro.

——————————————

INTRODUCTION

Plaintiff Nolvia Martinez appeals from the dismissal of her complaint against defendants Victor Navarro, Peter A. Lucero, M.D., and Walt Jay Medical Corporation, doing business as Integrative Industrial & Family Practice Medical Clinics because she failed to amend when given leave. The record shows that plaintiff presented an amended complaint 85 days after the time to amend had expired and a month after defendants had served their motions to dismiss, without requesting permission to file (Code Civ. Proc., § 473, subd. (a)(1))[1] and without an explanation for her delay. Therefore, the trial court did not abuse its discretion in dismissing the action (§ 581, subd. (f)(2)). Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2012, plaintiff in propria persona, filed her judicial council form complaint. Plaintiff checked the box entitled "other," to identify her cause of action, and typed in the word, "Malpractice." Under "Other allegations," plaintiff wrote, "Severe pain from Severe Pressure Applied to Torn Rotator Cuff, Cry spells, Sleep Disruption, Psyche, Falsifying Documents for Monetary gain, Pain and Suffering." She prayed for $100,000 in damages. On the attached civil action cover sheets, plaintiff identified her action as medical and legal malpractice. Defendants demurred to the complaint for failure to allege any facts supporting a claim for medical malpractice.

Plaintiff filed a first amended complaint on December 17, 2012. While the form complaint remained unchanged, plaintiff attached a two and a half page, double-spaced narrative that described the events on which she based her cause of action. The court scheduled a case management hearing with a notation that it was reserving a date for a hearing of all challenges to the first amended complaint.

Defendants again demurred for failure to allege sufficient facts to state a cause of action for medical malpractice. Plaintiff filed no opposition.

---

[1]  All statutory references are to the Code of Civil Procedure.

2

On February 27, 2013, the trial court sustained the demurrers and granted plaintiff 20 days' leave to amend, giving plaintiff until March 19, 2013 to file a second amended complaint. Defendants served the notice of ruling on plaintiff.

Plaintiff did not file a new complaint by March 19, 2013.

At the April 17, 2013 hearing, the trial court declined to entertain an oral motion to dismiss the action by defendants Lucero and the Walt Jay Medical Corporation. Instead, the court set a hearing for June 13, 2013.

On May 9, 2013, defendant Navarro filed his motion to dismiss, followed on May 14, 2013, by that of defendants Lucero and the Walt Jay Medical Corporation. As grounds, defendants argued that plaintiff's complaint should be dismissed because she not only failed to file an amended complaint within the 20 days' leave granted by the trial court, but she failed to file any new complaint. (§ 581, subd. (f)(2).) Defendants served their motions on plaintiff.

On June 12, 2013, one day before the hearing on the motions to dismiss, and 85 days after the date set by the court for an amendment to the complaint, plaintiff filed and served a second amended complaint on Lucero and the Walt Jay Medical Corporation. The record contains no indication this pleading was served on Navarro. Plaintiff neither sought leave of court before filing the second amended complaint (§§ 472 & 473), nor opposed the dismissal motions.

Plaintiff appeared at the hearing on the motions to dismiss. The trial court dismissed plaintiff's action for failure to timely file a second amended complaint. (§ 581, subd. (f)(2).) The court entered judgment dismissing the action. Plaintiff obtained counsel and filed her timely appeal.

## CONTENTIONS

Plaintiff contends that by filing her second amended complaint, she deprived the trial court of the power to entertain defendants' motions to dismiss, with the result the dismissal of her action was an abuse of discretion.

3

DISCUSSION

Plaintiff contends that *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824 (*Gitmed*) governs this case. She argues pursuant to *Gitmed* in essence that the trial court had no authority to dismiss her action for failure to file a second amended complaint because she did present her second amended complaint, which version, she insists, states a cause of action.

In *Gitmed*, the trial court sustained the defendant's demurrer and gave the plaintiff 20 days' leave to file an amended complaint. The plaintiff filed his first amended complaint one day after leave to amend had expired. Thereafter, the defendant filed an ex parte motion to dismiss and admitted having received the amended complaint. (*Gitmed*, *supra*, 26 Cal.App.4th at p. 826.) In reversing the dismissal of the action, the *Gitmed* court held that once an amended pleading is filed, the trial court must first grant a motion to strike that pleading before it may dismiss the action under section 581, subdivision (f)(2). Thus, the filing of the amended complaint in *Gitmed* prevented the trial court from entertaining the motion to dismiss the action until, in the exercise of its discretion, it granted a motion to strike the amended pleading. (*Gitmed*, at p. 828.) The court also looked disfavorably on the defendant's failure to give the plaintiff notice of the motion to dismiss. (*Id*. at p. 829.)

*Gitmed* does not help plaintiff here. *Gitmed* establishes only that when an amended complaint is filed and served *before* a motion to dismiss is brought, the defendant must first move to strike the complaint and then move under section 581, subdivision (f)(2) to dismiss the action. (*Gitmed*, *supra*, 26 Cal.App.4th at pp. 825-826; *Leader v. Health Industries of America, Inc*. (2001) 89 Cal.App.4th 603, 614 (*Leader*).) Under those circumstances, the trial court may choose to exercise its discretion to strike the amendment as untimely and thereafter consider the motion to dismiss. (*Leader*, *supra*, at p. 614.) Significantly unlike *Gitmed*, defendants' motions to dismiss here had been *pending for a month* before plaintiff filed her second amended complaint. Also unlike *Gitmed*, plaintiff here was properly served with defendants' motions to dismiss.

4

Plaintiff waited until the eve of the hearing on the dismissal motions to present her new complaint.

This case is distinguished from *Gitmed* in another important respect. Plaintiff never properly filed her second amended complaint. As leave to amend had expired, plaintiff "no longer had an unfettered right to file an amended complaint. '[A] litigant does not have a positive right to amend [her] pleading after a demurrer thereto has been sustained. "[Her] leave to amend afterward is always of grace, not of right. [Citation.]" [Citation.]' . . . . After expiration of the time in which a pleading can be amended as a matter of course, the pleading can only be amended by obtaining the permission of the court. [Citations.]" (*Leader*, *supra*, 89 Cal.App.4th at pp. 612-613, citing §§ 472 & 473, subd. (a).)[2] To obtain the court's permission, a plaintiff must file a noticed motion for leave. (*Leader*, at p. 613.) A court can deny a motion to dismiss and allow the plaintiff to file an amended complaint, provided plaintiff gives an excuse for the delay. (*Contraras v. Blue Cross of California* (1988) 199 Cal.App.3d 945, 948.) " 'The law is well settled that a long deferred presentation of the proposed amendment without a showing of excuse for the delay is itself a significant factor to uphold the trial court's denial of the amendment.' " (*Leader*, *supra*, at p. 613.) This is true even if the plaintiff proposes a good amendment in proper form. (*Ibid.*)

Although plaintiff represented herself, "[p]ro[pria] per[sona] litigants are held to the same standards as attorneys. [Citations.]" (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Plaintiff did not file a noticed motion for leave to file the second amended complaint 85 days after leave to amend expired and made no showing of good cause for her extended delay. And, there is no evidence plaintiff served her second

---

[2]    Section 472 reads in pertinent part, "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party . . . ."

Section 473, subdivision (a)(1) reads in relevant part, "The court may . . . in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars . . . ."

amended complaint on defendant Navarro. Moreover, no court reporter was present and plaintiff did not obtain an agreed upon settled statement. (See Cal. Rules of Court, rule 8.120(b).) Hence, we have no indication that plaintiff presented an excuse for her delay at the hearing on the motions to dismiss. Therefore, plaintiff never properly filed a second amended complaint. Plaintiff did not, merely by submitting a belated amended complaint -- without seeking leave and without serving the complaint on all defendants -- bring herself within *Gitmed* so as to deprive the trial court of its authority to rule on the properly noticed and scheduled motions to dismiss.

Section 581, subdivision (f)(2)[3] authorizes the trial court, in its discretion, to dismiss an action with prejudice when the plaintiff fails to amend the complaint within the time allowed by the court. There being no second amended complaint properly before the court, the only motions on which it could rule were defendants' motions to dismiss. Plaintiff's contention on appeal is premised on *Gitmed*, which case we conclude is inapposite. Plaintiff has not otherwise demonstrated abuse of trial court discretion.[4]

---

[3] Section 581, subdivision (f)(2) reads, "The court may dismiss the complaint as to that defendant when: [¶] . . . [¶] (2) Except where Section 597 applies [trial on defenses], after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (Italics added.)

[4] Plaintiff argues that "A review of the [second amended complaint] clearly shows that unlike the First Amended Complaint . . . , Appellant clearly alleged facts constituting a cause of action for professional negligence." However, we need not reach this issue because, without a request for leave of the trial court to file her tardy second amended complaint, plaintiff never properly filed this version of the complaint.

6

DISPOSITION

The judgment is affirmed.  Each party to bear it own costs of appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




ALDRICH, J.



We concur:






EDMON, P. J.






LAVIN, J.[*]



---

[*]    Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.