Filed 11/17/22; Unmodified opn. and prior 10/26/22 mod. and pub. order attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAIFUDDIN TARIWALA et al., <br><br> Plaintiffs and Respondents. <br><br> v. <br><br> KEITH MARTIN MACK, <br><br> Defendant and Appellant. | 2d Civ. No. B311232 <br> (Super. Ct. No. 56-2017-00501406-CU-OR-VTA) <br> (Ventura County) <br><br> ORDER MODIFYING OPINION <br> AND DENYING REHEARING <br> [No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed herein on September 27, 2022, be modified as follows:

1.    On page 2, fourth full paragraph, the first two sentences beginning "Mack and his family" are deleted and the following sentences are inserted in their place:  Mack and his family owned the properties for many years.  Intra-family transfers and purchases resulted in Mack acquiring sole title to both.

2.    On page 3, second paragraph, the second sentence beginning "The trial court found" is deleted and the following sentence is inserted in its place:  The trial court found the easement valid and enforceable, rejecting the argument that

Mack's common ownership of the two lots between 1994 and 2011 had extinguished the easement through the doctrine of merger of title (merger doctrine).

3.    On page 4, first full paragraph, the first sentence beginning "Mack contends" is deleted and the following sentence is inserted in its place:  Mack contends that any easement burdening his property was extinguished when he obtained sole title to both properties.

4.    On page 5, first full paragraph, the first sentence beginning "At trial, Mack" is deleted and the following sentence is inserted in its place:  At trial, Mack contended the easement was extinguished by merger when he acquired sole title to both properties in 1994.

5.    On page 5, first full paragraph, the third sentence beginning "They produced evidence" is deleted and the following sentence is inserted in its place:  They produced evidence that he had simultaneously executed a deed of trust in 2000 that expressly referred to the easement.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____

GILBERT, P.J.       YEGAN, J.       PERREN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 9/27/22; Mod. and Certified for Pub. 10/26/22 (order attached) (unmodified opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAIFUDDIN TARIWALA et al., | 2d Civ. No. B311232 |
| Respondents and Respondents. | (Super. Ct. No. 56-2017-00501406-CU-OR-VTA) (Ventura County) |
| v. | |
| KEITH MARTIN MACK, | |
| Defendant and Appellant. | |

Appellant Keith Martin Mack (Mack) once owned two adjoining properties in Thousand Oaks. He lost title to one of the properties when he defaulted on a secured loan in 2011. Mack has spent the last decade frustrating the attempts of new owners to renovate or occupy the house on his former property. Saifuddin Tariwala and two other individuals (respondents) bought the house from the foreclosing lender in 2017.[1] Mack

---

[1] Tariwala's co-respondents include Shabbir Saifee and a party identified by the mononym "Husaina."

immediately blocked physical access to the house by locking a gate that spanned their recorded driveway easement.

Respondents sued and obtained a preliminary injunction prohibiting Mack from obstructing the easement pending trial. The court *twice* found Mack in contempt after he blocked entry with garbage, old appliances, and a shifting fleet of decaying cars and recreational vehicles. After trial, the court declared the easement valid and permanently enjoined Mack from obstructing respondents from accessing their property.

Mack contends the doctrine of merger extinguished the easement as a matter of law. The trial court abused its discretion, he adds, by denying his mid-trial motion to amend his answer to raise adverse possession as a defense. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Mack owns a vacant parcel at 2957 Los Robles Road in Thousand Oaks (Mack property). Respondents own a small house on an adjoining lot at 2949 Los Robles Road (Tariwala property). A recorded easement over the Mack property provides the Tariwala property with its only access to the road (the easement).

Mack and his family owned both properties for many years. Intra-family transfers and purchases resulted in Mack acquiring sole title in 2000. He lost title to the Tariwala property in 2011, however, after defaulting on a loan secured by a deed of trust. The foreclosing lender initially allowed Mack to remain on the Tariwala property so he could remove garbage, inoperable vehicles, and other personal items he had accumulated over the decades. Mack neither cleared the property nor vacated, forcing the lender to file an unlawful detainer and evict him in 2015.[2]

---

[2] *CitiMortgage, Inc. v. Keith Mack* (Super. Ct. Ventura County, 2011, No. 56-2011-00405818-CL-UD-SIM).

2

Respondents bought the Tariwala property from the bank in 2017.[3] Mack did not welcome his new neighbors. He denied an easement existed and refused them access over his property so they could begin clearing their lot and renovating the now-dilapidated house. Respondents filed a complaint to enforce the driveway easement under Civil Code section 809.[4] They also sought preliminary and permanent injunctions. The trial court granted respondents' motion for a preliminary injunction prohibiting Mack from obstructing the easement. The court found Mack in contempt twice for blocking the easement by parking vehicles on plaintiff's easement, including an immobilized RV. We affirmed the preliminary injunction in a prior appeal. (*Tariwala v. Mack* (Jan. 24, 2019, B286146) [nonpub. opn.] (*Tariwala I*).)

Respondents prevailed at a three-day court trial.[5] The trial court found the easement valid and enforceable, rejecting the argument that Mack's common ownership of the two lots between 2000 and 2011 had extinguished the easement through the doctrine of merger of title (merger doctrine). It denied Mack's mid-trial motion to amend his answer to plead the affirmative defense of adverse possession. The resulting judgment permanently enjoined him from "obstructing, interfering with, or

---

[3] Plaintiff bought the property from First Nationwide Mortgage Corporation (FNMC). FNMC was the successor in interest of Mack's foreclosing lender, CitiMortgage, Inc.

[4] All further statutory references are to the Civil Code unless otherwise specified.

[5] This was the first phase of a bifurcated trial. The statement of decision refers to a second phase at which the parties would decide respondents' claims for monetary relief.

impeding" respondents' use of the easement and ordered him to remove existing encroachments. Mack appealed.

## DISCUSSION

### *Merger Doctrine*

Mack contends that any easement burdening his property was extinguished when he obtained sole title to both properties in 2000. He contends the trial court erred when it declined to apply the merger doctrine under these circumstances. Mack requests de novo review, characterizing his appeal as based on undisputed facts. We disagree. The court heard conflicting evidence on Mack's merger defense. (See *Hamilton Court, LLC v. East Olympic, L.P.* (2013) 215 Cal.App.4th 501, 505 (*Hamilton Court*), citing 4 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 10:41, pp. 139-140, fns. omitted. [whether merger has occurred is a question of fact requiring inquiry into the parties' intent].) We apply the substantial evidence standard to factual findings. (See *Beyer v. Tahoe Sands Resorts* (2005) 129 Cal.App.4th 1458, 1470 (*Beyer*) ["To the extent that resolution of the appeal turns on factual findings made by the trial court, we review such findings under a substantial evidence standard"].)

The merger doctrine is codified in section 811 which states, in part, that "[a] servitude is extinguished: [¶] 1. By the vesting of the right to the servitude and the right to the servient tenement in the same person. . . ." Similarly, section 805 states that "[a] servitude thereon cannot be held by the owner of the servient tenement." These statutes "avoid nonsensical easements – where they are without doubt unnecessary because the owner owns the estate." (*Beyer, supra*, 129 Cal.App.4th at p. 1475.) "But application of the merger doctrine," we observed in Mack's prior appeal, "is not automatic." (*Tariwala I, supra*, B286146, at p. *6.) It requires "a unity of title, in that title and ownership of [the dominant and servient tenements] must be coextensive and

4

equal in validity, quality, right to possession, and all other characteristics." (*Beyer*, at p. 1473.) Merger will not extinguish an easement if the result would be inequitable or would result "in an injustice, injury, or prejudice to a third person." (*Hamilton Court, supra*, 215 Cal.App.4th at p. 505, citing 4 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 10:41, pp. 139-140, fns. omitted.)

At trial, Mack contended the easement was extinguished by merger when he acquired sole title to both properties in April of 2000. Respondents disagreed. They produced evidence that he had simultaneously executed a deed of trust that expressly referred to the easement. Mack responded that he did not intend to pledge the easement at the time; he simply signed the papers placed in front of him. He denied knowing any other recorded instruments contradicting his account.

The trial court reviewed decades of evidence relating to the properties' chains of title. It concluded Mack never held the two properties in unity of title because he encumbered the dominant tenancy (the Tariwala property) immediately after acquiring sole ownership and again in 2001 and 2005. The court declined to apply the doctrine because doing so would render the lender's security interest essentially worthless by eliminating the Tariwala property's only access to the road. (*Hamilton Court, supra*, 215 Cal.App.4th at pp. 505-506.)

Mack contends the trial court applied *Hamilton Court* in a way that "swallows" the merger doctrine whenever third party's interests come into play.[6] The trial court's analysis was more

[6] Justice Mosk proposed such a "mortgage exception" to the merger doctrine in his *Hamilton Court* concurrence. He noted, "there is or should be a so-called mortgage—in this case, deed of trust—exception to the merger doctrine." He then continued: "To extinguish the interest of the beneficiary of a deed of trust or mortgage security by merger would 'jeopardize, if it did not

5

nuanced.  It scrutinized the parties' conduct as well as the chain of title and physical characteristics of each property.  Granting a security interest in one property but not the other left open the possibility that the "unified" estate could be disjoined if he defaulted on the loan.

Even if Mack had established a unity of interest, we conclude the equitable component of the court's decision would have placed its decision on firm footing.  Mack did not dispute the Tariwala property was legally and physically landlocked. Documenting the easement in the pledged deed of trust ensured his lender could foreclose on marketable collateral in the event of default.  Mack presented no evidence the lender would have funded his loan in the absence of this crucial provision.  The trial court correctly considered the profound prejudice the lender's successors in interest, i.e., respondents, would have suffered if the merger doctrine were applied and they were left with no means to lawfully access their house.  We agree with the trial court's rejection of Mack's plea of ignorance and his interpretation of sections 805 and 811.  The statement of decision is a forthright application of *Hamilton Court*.

*Motion to Amend Answer to Proof*

Mack moved to amend his answer to plead adverse possession as an alternative ground to extinguish the easement.

---

wholly destroy, the stability of every [such] security.' [Citation.] In this case and most such cases, the holder of the security is not a party to the transaction giving rise to the merger doctrine.  It would be inequitable under the circumstances here to extinguish the security rights of such a beneficiary of the deed of trust when that security holder has no control over the transaction upon which extinguishment of the easement by the merger doctrine is claimed." (*Hamilton Court*, *supra*, 215 Cal.App.4th at p. 506-507 (conc. opn. of Mosk, J.).)

6

The trial court requested supplemental briefing on the point then denied the motion as untimely. It found allowing the amendment would prejudice respondents. The trial court acted well within its discretion given the late timing of Mack's motion and his failing to justify the delay. (See *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613, quoting *Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 939-940 ["'The law is also clear that even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial'"].)

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

PERREN, J.*

We concur:

GILBERT, P. J.          YEGAN, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7

Vincent O'Neill, Judge
Superior Court County of Ventura
_____


Law Offices of Michael D. Kwasigroch, Michael D. Kwasigroch, for Defendant and Appellant.

Law Office of Daniel Friedlander, Daniel A. Friedlander, for Respondents and Respondents.

Filed 10/26/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAIFUDDIN TARIWALA et al., | 2d Civ. No. B311232 |
| Plaintiffs and Respondents, | (Super. Ct. No. 56-2017-00501406-CU-OR-VTA) |
| v. | (Ventura County) |
| KEITH MARTIN MACK, | ORDER MODIFYING AND CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant. | [No Change in Judgment] |

THE COURT*:

The opinion in the above-entitled matter, filed on September 27, 2022, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

It is also ordered that the designation for Saifuddin Tariwala et al. in the caption and the counsel page  originally reading "Respondents and Respondents" be revised to read:

Plaintiffs and Respondents.

There is no change in the Judgment.


\*PERREN, J.\*    GILBERT, P.J.    YEGAN, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.