Filed 3/20/26  Redding v. Flores CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TARA A. REDDING, | |
| Plaintiff and Appellant, | E083593 |
| v. | (Super. Ct. No. CIVSB2300720) |
| DIANE FLORES, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Jeffrey Erickson, Judge.  Affirmed.

Tara A. Redding, in pro. per., for Plaintiff and Appellant.

Mansour Law Group, John F. Mansour, and Steven G. Candelas, for Defendant and Respondent.

I.

INTRODUCTION

Tara A. Redding, proceeding in pro. per., appeals the trial court's order dismissing her case.  We affirm.

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Redding filed a complaint against Diane Flores alleging claims arising out of a property sale.[1] Flores filed a demurrer and a motion to strike, but Redding filed a First Amended Complaint (FAC). Flores filed a demurrer and motion to strike the FAC. The trial court sustained the demurrer with 20 days' leave to amend. Redding did not timely file a Second Amended Complaint (SAC) within 20 days leave to amend.

Nearly three months after the trial court sustained Flores's demurrer with 20 days' leave to amend, Flores filed ex parte application to dismiss Redding's complaint under California Rules of Court, rule 3.1320 and Code of Civil Procedure section 581, subdivision (f)(2) (section 581(f)(2)), for Redding's failure to timely amend her operative complaint. After holding a hearing on Flores's application, the trial court granted it and dismissed Redding's complaint.

Redding timely appealed.

## III.

## DISCUSSION

Under section 581(f)(2), the trial court may dismiss a complaint if "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Here, the trial

---

[1] The specifics of Redding's case against Flores are not relevant to the issues on appeal.

2

court sustained Flores's demurrer to the FAC with 20 days' leave to amend, but Redding did not file an amended complaint within that timeframe. The trial court thus properly granted Flores's request to dismiss Redding's complaint. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613-614.)

Redding argues she did not timely file an amended complaint because she did not receive proper service. She claims Flores's attorney mailed documents to a post office box owned by an estranged relative instead of her home address. She thus contends she "was not served with the documents," so she "could not respond, nor defend herself."

We cannot properly consider Redding's argument on the inadequate record on appeal that she has provided us with. The record contains only two documents from the trial court proceedings: (1) a register of actions; and (2) the trial court's order dismissing her complaint. Without more, we cannot properly review Redding's claim that she was not properly served and thus could not timely file an amended complaint.

The appellant bears the burden of providing an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) When an appellant fails to provide an adequate record, we cannot meaningfully review the trial court's decisions. (*Ibid*.) As a result, an appellant's "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) In other words, when the appellant fails to provide an adequate record, we assume everything the trial court did was correct and that it should be affirmed. (See *Jameson*, *supra*, at p. 609.)

Given the inadequate record on appeal that Redding has provided us, we must assume that she was properly given notice of the trial court's order directing her to file an amended complaint within 20 days after the court sustained Flores's demurrer with leave to amend. Because she did not timely file an amended complaint, the trial court properly dismissed her complaint under section 581(f)(2). We therefore affirm the trial court's order dismissing her complaint.

IV.

DISPOSITION

The trial court's order dismissing Redding's complaint is affirmed. Flores may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

4