Filed 7/16/13  Gomez et al. v. Dole Food Co. CA2/5
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EMPERATRIZ MARINA MENDOZA GOMEZ et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>DOLE FOOD COMPANY, INC.,<br><br>    Defendants and Respondents. | B242400<br><br>(Los Angeles County Super. Ct. No. BC412620)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

THE COURT:*

It is ordered that the opinion filed herein on June 24, 2013, and not certified for publication, be modified as follows.

On page 6, line 2 under subheadings II A., replace subdivision (f)(1) with subdivision (f)(2) so that the sentence reads:  Dole filed an ex parte application for dismissal of the action with prejudice pursuant to sections 472b and 581, subdivision (f)(2), to be heard on Wednesday, February 15, 2012, at 8:30 a.m.

There is no change in the judgment.  The petition for rehearing is denied.

_____

\*   MOSK, Acting P. J.                                                                    KRIEGLER, J.

Filed 6/24/13  Gomez et al. v. Dole Food Co. CA2/5 (unmodfied version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EMPERATRIZ MARINA MENDOZA GOMEZ et al., | B242400 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC412620) |
| v. | |
| DOLE FOOD COMPANY, INC., | |
| Defendant and Respondent. | |

APPEAL from the judgment and orders of the Superior Court of Los Angeles County, Anne I. Jones, Judge.  Reversed.

Conrad & Scherer, Terrence P. Collingsworth, Eric Hager; and David Seth Grunwald for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, Theodore J. Boutrous, Jr., Andrea E. Neuman, William E. Thomson and KatieLynn B. Townsend for Defendant and Respondent.

_____

In this action for wrongful death and related claims, plaintiffs' and appellants' 65 heirs appeal from the order of February 15, 2012, dismissing their action against Dole Food Company, Inc., under Code of Civil Procedure section 581, subdivision (f)(2),[1] and judgment of July 2, 2012, in favor of Dole following the denial of plaintiffs' motions to set aside the dismissal under section 473 and for relief from a cost bond order under section 1030. Plaintiffs contend the orders dismissing the action and denying mandatory relief from dismissal under section 473, subdivision (b) were erroneous as a matter of law. Plaintiffs further contend the denial of relief from cost bond was an abuse of discretion. We reverse.

## STATEMENT OF FACTS AND PROCEDURE

### I. Prior Proceedings

#### A. Complaint

On April 28, 2009, 73 plaintiffs, who were heirs of 51 deceased Colombian nationals, filed a complaint against Dole, a corporation headquartered in California, for wrongful death and related causes of action. It was alleged the decedents were murdered in or around banana plantations in Colombia that Dole owned or operated between 1994 and November 2007 by members of Autodefensas Unidas de Colombia ("AUC"), a paramilitary organization hired by Dole and Dole's wholly-owned subsidiary CI Tecnicas Baltime de Colombia SA ("Tecbaco") to provide security and protection services.

---

[1]	Hereinafter, all statutory references will be to the Code of Civil Procedure, unless noted otherwise.

**B. First Amended Complaint**

On April 9, 2010, a first amended complaint was filed alleging wrongful death, battery, assault, negligent hiring and supervision, intentional and negligent infliction of emotional distress, civil conspiracy, and negligence. Plaintiffs were 67 of the original 73 plaintiffs, plus 118 new plaintiffs. Plaintiffs were heirs of 167 decedents.

**C. Proceedings on Demurrer to First Amended Complaint and Motion for Cost Bond**

**1. Demurrer and Motion for Cost Bond**

On May 17, 2010, Dole filed a demurrer to the first amended complaint on the grounds, among others, of failure to: (1) comply with the applicable two-year statute of limitations; (2) adequately allege Dole's liability for the conduct of Tecbaco; and (3) join Tecbaco as a necessary and indispensible party. On May 27, 2010, Dole filed a motion for cost bond under section 1030, on the grounds all plaintiffs resided outside California and there was a reasonable possibility Dole will prevail in the action. Plaintiffs submitted evidence from the World Bank and other public sources that plaintiffs lived in a poor area of Colombia, the per capital gross national income for Colombia was $4,620, and the per capital gross domestic product for the region where plaintiffs resided was $2,649.66.

**2. Trial Court Rulings on Demurrer and Cost Bond Motion**

On July 7, 2010, the trial court ruled the statute of limitations barred the action as to all plaintiffs except for Arelis Margarita Hernandez Rivera ("Hernandez") and Julio Medina Coronado ("Medina"). "As to all plaintiffs except these two, the demurrer is granted without leave to amend." "As to these two plaintiffs, their current allegations

against Dole under the doctrines of alter ego and agency are insufficient as a matter of law and, further, necessitate adding Tecbaco as an indispensible party."[2] The court granted the two plaintiffs leave to amend. Hernandez and Medina did not file an amended pleading.

In a separate order on July 7, 2010, the trial court "decline[d] to waive or reduce the posting of security in this action." The court found "plaintiffs have not made the requisite prima facie showing to justify waiving a bond." Accordingly, the court ordered, "each plaintiff in this action must post $16,926 within 30 days of entry of this order." No plaintiff posted a cost bond.

### D. Dole's Ex Parte Motion to Dismiss

On September 10, 2010, Dole filed an ex parte application to dismiss with prejudice the claims of all plaintiffs except Hernandez and Medina under section 581, subdivision (f)(1), on the ground the trial court sustained Dole's demurrer without leave to amend except as to the claims of Hernandez and Medina. Dole asked the court to dismiss with prejudice Hernandez's and Medina's claims under section 581, subdivision (f)(2), on the ground the demurrer was sustained with leave to amend and they failed to timely file an amended pleading. Dole also asked the court to dismiss with prejudice Hernandez's and Medina's claims under section 1030, subdivision (d), for failure to post a cost bond.

### E. Trial Court Dismissal Ruling

On September 14, 2010, the trial court gave judgment to Dole against all plaintiffs, including Medina and Hernandez, and ordered the action dismissed with prejudice. The judgment stated: "On August 25, 2010, Dole Food appeared before this Court to request

---

**2** The court also found the first amended complaint adequately stated causes of action for conspiracy, intentional torts, and negligence.

that the above-captioned action be dismissed with prejudice pursuant to . . . sections 581[, subdivision] (f)(1) and (2), and 1030[, subdivision] (d), and that judgment be entered in Dole Food's favor. By separate order, the Court has granted Dole Food's request and dismissed plaintiffs' First Amended Complaint with prejudice."

Plaintiffs appealed from the "judgment of dismissal after an order sustaining a demurrer."

### F. Court of Appeal Ruling

On October 27, 2011, this court affirmed the order sustaining the demurrer, reversed the denial of leave to amend, and remanded the matter to permit plaintiffs to amend the first amended complaint. We agreed with the trial court that the causes of action of all plaintiffs were predicated on killings that occurred prior to April 28, 2007, and thus accrued prior to that date. Sustaining the demurrer without leave to amend, however, was an abuse of discretion. Under the delayed discovery rule, the limitations period did not begin to run until Dole's role was publicly disclosed in May 2007. For pleading purposes, the claims in the original complaint were viable under the discovery rule. The claims first brought in the first amended complaint were presumptively time-barred, but we granted leave to amend because plaintiffs represented on appeal they could amend the first amended complaint to adequately plead delayed discovery.[3]

We affirmed the trial court's ruling that the first amended complaint failed to allege "agency and alter ego liability with sufficient specificity to overcome the legal presumption that Tecbaco functioned as a separate corporate entity" and granted leave to amend to cure this pleading defect. We rejected the trial court's finding that Tecbaco is a necessary and indispensible party as premature.

---

[3]    We rejected plaintiffs' contention that Dole is estopped by equitable estoppel from relying on the statute of limitations, because plaintiffs did not allege direct misrepresentations or other active concealment of their role and, moreover, plaintiffs failed to show they exercised reasonable diligence in discovering Dole's role.

## G. Issuance of Remittitur

The remittitur and notice of issuance of the remittitur were issued on December 27, 2011.

## II. Current Proceedings

### A. Dole's Ex Parte Application for Dismissal

Dole filed an ex parte application for dismissal of the action with prejudice pursuant to sections 472b and 581, subdivision(f)(1), to be heard on Wednesday, February 15, 2012, at 8:30 a.m. Notice of the motion, but not the motion papers, was served on plaintiffs' counsel by e-mail on February 14, 2012.[4] Dole contended plaintiffs failed to timely file an amended complaint within 30 days of the mailing of notice of the issuance of the remittitur, as required by the section 472b. Plaintiffs' counsel responded in a letter to Dole,[5] stating notice was too short for counsel to be able to attend the hearing in person[6] and requested that Dole provide plaintiffs with "a few additional days." "I request that you work with us to schedule a hearing date next week that will permit an appearance by counsel for the Plaintiffs." Counsel also objected to the requested relief, contending that dismissal of the claims of the 67 plaintiffs in the original complaint was improper because this court in the previous appeal ruled those claims timely under the discovery rule and, to the extent the claims alleged theories of direct liability against Dole which the trial court found sufficient to withstand demurrer, the

---

[4] The e-mail notice was transmitted at 12:45 p.m.

[5] At plaintiffs' request, Dole filed the letter with the court at the hearing on February 15.

[6] Plaintiffs' lead counsel was based in Washington, D. C. Plaintiffs' local counsel could not appear because he had a conflict on the morning of February 15.

6

claims could proceed without amendments to the allegations of alter ego and agency. Plaintiffs' counsel further objected on the ground he was not aware of the 30-day statutory deadline, and had he been aware, he would have requested an extension of time to amend the complaint. Counsel asked Dole to agree to plaintiffs filing a second amended complaint April 1, to obviate the need for proceedings for relief for dismissal under section 473, subdivision (b). Dole refused to agree to reschedule the hearing or to plaintiffs filing the second amended complaint April 1.

At the hearing on February 15, 2012, Dole appeared through counsel, but plaintiffs were not present. Dole had a substantive, ex parte colloquy with the trial court which encompassed seven pages of reporter's transcript, before plaintiffs' counsel joined the hearing via telephone. In the colloquy, Dole argued the merits of dismissal, relief from dismissal, and the underlying action. Dole characterized the nature of the prior proceedings and orders and the nature of plaintiffs' past and present conduct in the litigation.

The trial court began by stating it made sense to continue the hearing to the following week so that plaintiffs could make an appearance. Dole stated plaintiffs could appear that day by phone. Dole's counsel wanted the matter heard immediately. The court asked if there was an emergency. Dole's counsel stated there was no emergency, but Dole was very eager to get "the outlandish and scurrilous charges" dismissed as soon as possible. Counsel quoted language from a prior order that Dole's evidence "'overwhelmingly refutes plaintiffs' primary claim[,]'" to explain to the court what "the company has been subjected to, for almost three years now." Dole argued that it did not rush to file the motion to dismiss; the appellate opinion was filed October 27, 2011, and that it was now two weeks after the deadline to amend. Dole argued that this was the second time plaintiffs had missed a deadline to file an amended complaint after a demurrer was sustained with leave to amend. Dole wanted the matter resolved quickly, "given the scurrilous nature of the claims and the attempts to publicize them, and that sort of thing." After reading plaintiffs' letter, the court stated that, if she dismissed the action, it was likely she would vacate the dismissal and give plaintiffs leave to amend under

7

section 473 because plaintiffs were not aware of the statutory deadline. The judge stated she would rather not dismiss the action without giving plaintiffs "some opportunity to file some opposition." Dole encouraged the court to call plaintiffs' counsel right then, stating, "they've had many months to prepare an amended pleading. From all indications, they don't have one ready. From all indications, they haven't even been working on one." Quoting from an appellate opinion, Dole argued the law was clear that it was not enough under section 473 to simply claim "'we didn't know the law.'" Dole reiterated, "this is the second time we've been here on exactly the same posture, where a deadline to amend has come and gone; they've done nothing." Dole's counsel argued plaintiffs will have to show good cause for missing the deadline and the details of what they have been doing. Dole contended that a prior, final order, required each plaintiff to post a cost bond and "there's no indication that they are prepared to do that. [¶] Without doing that, . . . there would be no way for them to continue with the case or amend the complaint."

The trial court asked, "isn't it better to be safe than sorry? Wouldn't it be better to have this all on the table, and I give them a date by which they have to file [the amendment], and that they have to file the cost bond at the same time?" Dole's counsel disagreed, preferring the dismissal to be entered and then let plaintiffs try to set it aside. "But from our past experience and what we . . . would expect to happen now, I would be very surprised if, in fact, they're able to make the kind of showing that they would need to do to set aside the entry of dismissal. [¶] They've had a long time to amend this complaint, and they've basically done nothing, as far as one can tell, your honor."

Suspecting the matter would return to the Court of Appeal again if the action were dismissed, the trial court stated, "why don't we just act reasonably here and put a cap on it?" The court proposed setting the ex parte motion to dismiss in 30 days, allowing plaintiffs the 30 days to file an amended complaint and post a cost bond. Dole argued against this proposal. "They haven't made any showing of good cause . . . that would even remotely get them around the code provision that required them to have filed their amended complaint two weeks ago. [¶] . . . There's no indication that one is even in the

8

works." At that point, plaintiffs' counsel was brought into the hearing via telephone. When plaintiffs' counsel was contacted by telephone, he asked the court to grant plaintiffs until April 1 to file the second amended complaint, stating they were in the process of re-interviewing hundreds of people in Colombia to add the necessary tolling provision allegations. Plaintiffs reiterated that, in any event, since the first group of plaintiffs had viable claims of direct liability that were timely, the entire case should not be dismissed. Counsel advised the court plaintiffs were also being re-interviewed to establish they were entitled to be excused from posting the cost bond. The court ordered the action dismissed with prejudice, but allowed plaintiffs six weeks to file an application under section 473 for relief from the order of dismissal and to file a proposed second amended complaint.

**B. Proceedings on Plaintiffs' Motion for Relief from Dismissal Under Section 473 and on Plaintiffs' Motion for Relief From Cost Bond Order Under Section 1030**

**1. Plaintiffs' Motion Under Section 473, Filed April 2, 2012; Dole's Opposition**

Plaintiffs[7] contended, among other things, that mandatory relief from dismissal must be granted pursuant to section 473, subdivision (b). Plaintiffs submitted attorney affidavits stating the attorneys were unaware of the deadline imposed by section 472b, accompanied by a proposed second amended complaint.

Dole contended section 473's provision for mandatory relief did not apply in this case, because plaintiffs appeared and opposed the request to dismiss.

---

[7] There were 65 plaintiffs. The two plaintiffs to whom the trial court gave leave to file an amended complaint dropped out of the lawsuit.

### 2. Plaintiffs' Motion Under Section 1030, Filed April 2, 2012; Dole's Opposition; Ruling

Plaintiffs filed a motion for relief from the $16,926.00 per plaintiff cost bond on the ground of indigency, supported by declarations from 63 plaintiffs which showed the 2011 income of each of those plaintiffs. The incomes ranged from zero to $14,848, with most of the incomes less than $4,000. Plaintiffs also filed evidence that cost bonds were not available on less than full collateral. Dole contended plaintiffs' motion was barred because they failed to challenge the cost bond order in their appeal from the judgment dismissing the action.

### 3. Trial Court's Ruling

The trial court denied both motions on May 31, 2012.

The trial court ruled that section 473's mandatory relief provision only applies in cases where the dismissal is akin to a default. Mandatory relief was not available here, because plaintiffs appeared and presented evidence at the hearing on Dole's motion to dismiss.

Concerning relief from the cost bond order of July 7, 2010, the trial court stated the August 25, 2010 dismissal of the action expressly incorporated the cost bond order and was part of the September 14, 2010 judgment. Plaintiffs' failure to raise in the appeal any issue concerning the cost bond order precluded them from challenging the determination on remand.

On July 2, 2012, judgment was entered against all plaintiffs. This timely appeal followed.

10

**DISCUSSION**

**Error in Granting Dole's Ex Parte Application to Dismiss the Action**

Plaintiffs contend the trial court erred in granting Dole's ex parte application to dismiss the action for failure to comply with section 472b, because Dole's ex parte application was unauthorized.[8] We agree with the contention.

Where, as here, the applicability of a statutory provision does not turn on disputed facts and presents a pure question of law, review is de novo. (*Leader v. Health Industries of America, Inc*. (2001) 89 Cal.App.4th 603, 612.)

Section 472b provides: "When an order sustaining a demurrer without leave to amend is reversed or otherwise remanded by any order issued by a reviewing court, any amended complaint shall be filed within 30 days after the clerk of the reviewing court mails notice of the issuance of the remittitur."

California Rules of Court, rule 3.1320,[9] cited by Dole to support the contention it was proper to apply for dismissal ex parte, provides: "(h) A motion to dismiss the entire action and for entry of judgment after expiration of the time to amend following the sustaining of a demurrer may be made by ex parte application to the court under . . . section 581[, subdivision] (f)(2)." Section 581, subdivision (f) provides: "The court may dismiss the complaint as to that defendant when: [¶] . . . [¶] (2) . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

---

[8] Plaintiffs also contend Dole violated the rules of civility in litigation, incorporated in rule 3.26 of the Superior Court of Los Angeles County, Local Rules. While those rules are, by their terms, "recommendations" (Super. Ct. L.A. County, Local Rules, rule 3.26 ["The guidelines adopted by the Los Angeles County Bar Association are adopted as civility in litigation recommendations to members of the bar . . . ."]), they are admonishments that counsel should heed in the absence of unusual circumstances.

[9] Hereinafter, all reference to rules refer to the California Rules of Court.

Although Dole purported to bring the motion to dismiss under section 581, subdivision (f)(2), the terms of that provision apply to an order *by the superior court* that establishes the deadline for filing an amended complaint.  It does not apply to the circumstances presented to the trial court here, where the filing deadline was established by a statute.  As rule 3.1320's provision for bringing a dismissal motion on an ex parte basis applies by its terms only to applications under section 581, subdivision (f)(2), and the application in this case was not governed by that section, rule 3.1320 did not authorize Dole to move for dismissal ex parte.  Dole has cited no other authority to support its ex parte application.  Accordingly, plaintiffs should have been afforded an opportunity to make a full appearance to defend against the motion.

In the circumstances of this case, counsel's telephonic appearance did not amount to a full appearance.  Counsel was given less than 24 hours notice of the hearing.  This was not enough time for him to be able to be present in person.  He requested the minimum courtesy of putting the motion over for a few days so he could appear in person.  Dole should have granted the request, as no urgent circumstances existed that required an immediate hearing on the motion.  Counsel did not participate in the full colloquy between the court and Dole.  One-third of the hearing had taken place before he was brought in via telephone.

Dole contends plaintiffs forfeited the contention that dismissal under section 581, subdivision (f)(2), was unauthorized by their failure to assert the contention in opposition to dismissal or in support of mandatory relief under section 473.  We disagree.  Because plaintiffs' counsel was given less than 24 hours notice of the dismissal motion and was not served with a copy of the motion papers, counsel did not have an effective opportunity to raise all legal grounds in opposition to the dismissal motion.  As to the application for mandatory relief, section 473, subdivision (b), by its terms, addresses attorney mistakes resulting in a dismissal, not trial court errors in granting the dismissal.  In any event, the contention raises a pure question of law which we may address for the first time on appeal.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 886-887; *Ward v. Taggart* (1959) 51 Cal.2d 736, 742.)

12

As a matter of law, the trial court erred in dismissing the action on an unauthorized, ex parte application.

In addition, we agree with plaintiffs' contention that a viable action existed following the first appeal. The first amended complaint adequately stated causes of action alleging Dole's direct liability for conspiracy, intentional torts, and negligence, as determined by the trial court in its July 7, 2010 ruling on the demurrer to the first amended complaint. We concluded in the prior appeal that the claims of the original plaintiffs who remained in the action were timely under the two-year statute of limitations in section 335.1 ["Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."]. Accordingly, at the time of the trial court's dismissal of this action, there was an operative complaint in place to be amended in accordance with our appellate opinion. Dismissal was therefore erroneous.

**Error in Denying Mandatory Relief Under Section 473, subdivision (b)**

Our resolution of the first issue in this opinion arguably renders moot any discussion of the trial court's ruling denying relief from dismissal under section 473, subdivision (b). However, we exercise our discretion to address the issue, as the question of granting leave to file the second amended complaint will undoubtedly arise after issuance of the remittitur, and should the trial court again deny mandatory relief from dismissal on the ground the dismissal was not akin to a default, the issue will return to this court for a third appeal.

Whether section 473, subdivision (b)'s mandatory relief provision applies in the present case, where there are "no factual determinations that affect entitlement to mandatory relief," is a question of statutory construction, which we review de novo. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1418.)

Section 473, subdivision (b) provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or

13

other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

"Section 473, subdivision (b) provides for two distinct types of relief. Under the discretionary relief provision, on a showing of 'mistake, inadvertence, surprise, or excusable neglect,' the court has discretion to allow relief from a 'judgment, dismissal, order, or other proceeding taken against' a party or his or her attorney. Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of 'mistake, inadvertence, surprise, or neglect,' the court shall vacate any 'resulting default judgment or dismissal entered.' [¶] The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect. But the range of adverse litigation results from which relief can be granted is narrower. Mandatory relief only extends to *vacating* a default which will result in the entry of a default judgment, a default judgment, or an *entered* dismissal." (*Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at pp. 615-616.)

"Relief is mandatory only from those dismissals which are the 'procedural equivalent of a default'; i.e., those which deprive *plaintiffs* of their day in court. . . . For example, this may include dismissals based on plaintiffs': *failure to amend or file*

14

*pleadings* within the time ordered by the court . . . ; or *failure to oppose* a dismissal motion[.]"  (Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2012) ¶ 5:299.2, p. 4-76 (rev. #1, 2011) [italics in original].)

"If the prerequisites for the application of the mandatory relief provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief." (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516.)

Here, relief was mandatory under section 473, subdivision (b).  There was an entered dismissal, and it was akin to a default because it was based on plaintiffs' negligent failure to amend the complaint within the time allowed by statute.  (See Weil & Brown, *supra*, ¶ 5:299.2, p. 4-76 (rev. # 1, 2011); compare *Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at p. 616 [mandatory relief was not available where the prerequisites for it did not exist:  the action had not been dismissed and counsel's conduct was deliberate, not neglectful].)  Accordingly, the trial court erred as a matter of law in failing to grant mandatory relief under section 473, subdivision (b), and on remand, leave to amend the complaint shall not be denied on the ground the complaint was not timely amended under section 472b.


**The Order Denying Relief From Cost Bond Was an Abuse of Discretion**


Plaintiffs contend denial of their motion for relief from the cost bond was an abuse of discretion.  We agree.

We "[review] the trial court's decision whether to waive the requirement an out-of-state plaintiff post an undertaking under an abuse of discretion standard[.]"  (*Alshafie v. Lallande* (2009) 171 Cal.App.4th 421, 430.)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)  "'[A] court's discretion must "'be "'exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.'"' [Citations.]' [Citation.]"  (*Alshafie v. Lallande, supra,* at pp. 431-432.)

15

Section 1030 provides: "(a) When the plaintiff in an action or special proceeding resides out of the state, . . . the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. . . . [¶] (b) The motion shall be made on the grounds that the plaintiff resides out of the state . . . and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. The motion shall be accompanied by an affidavit . . . [which] shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding. [¶] (c) If the court, after hearing, determines that the grounds for the motion have been established, the court shall order that the plaintiff file the undertaking in an amount specified in the court's order as security for costs and attorney's fees. [¶] (d) The plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court. If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action or special proceeding shall be dismissed as to the defendant in whose favor the order requiring the undertaking was made."

Section 995.240 provides: "The court may, in its discretion, waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given, if the court determines that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties, whether personal or admitted surety insurers. In exercising its discretion the court shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived."

"'The purpose of [section 1030] is to enable a California resident sued by an out-of-state resident "'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'"' [Citation.] The statute therefore acts to prevent out-of-state residents from filing frivolous lawsuits against

16

California residents.' [Citation.]" (*Alshafie v. Lallande*, *supra*, 171 Cal.App.4th at p. 428.) "Even if the defendant establishes the grounds for an undertaking, the trial court may waive the requirement if the plaintiff establishes indigency. . . . [¶] The public policy underlying an indigent's entitlement to a waiver of security costs is essentially 'access trumps comfort.' [Citation.] 'In ruling indigents are entitled to a waiver of security for costs, [the State is] saying one party's economic interest in receiving its costs of litigation should it win cannot be used to deny an indigent party his fundamental right of access to the courts.' [Citations.]" (*Id.* at p. 429.)

"[T]o fulfill its statutory duties when exercising its discretion, the court must review the plaintiff's showing, identify deficiencies, if any, and give the plaintiff the opportunity to supply additional information that may be necessary to establish his or her entitlement to a waiver under the circumstances of the particular case. Only by taking such a proactive role can the trial court properly balance the respective rights of the parties while minimizing the circumstances in which a potentially meritorious case is dismissed solely because the plaintiff cannot post an undertaking." (*Alshafie v. Lallande*, *supra*, 171 Cal.App.4th at p. 435, fn. omitted.)

The trial court's denial of the motion for relief from the cost bond on the ground plaintiffs' failure to appeal the 2010 cost bond ruling precluded them from challenging the order on remand was error. The court sustained Dole's demurrer to the first amended complaint as to all current plaintiffs without leave to amend in 2010. Accordingly, the ruling requiring a $16,926 per plaintiff cost bond did not apply to plaintiffs but applied only to the two individuals, no longer plaintiffs, who were granted leave to amend. In these circumstances, the current plaintiffs had no standing to appeal the cost bond order. "[O]nly a person aggrieved by a decision may appeal. ([Cf. § 902] ['Any party aggrieved may appeal . . . .'].) An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236.) Moreover, as plaintiffs' complaint was not dismissed in 2010 because they failed to post the cost bond, the cost bond order was not an appealable order for them.

17

(See § 1030, subd. (g) ["An order granting or denying a motion for an undertaking under this section is not appealable."].)  Failure to raise an appellate challenge to a cost bond order that did not apply to them and was not appealable by them did not preclude plaintiffs from subsequently requesting a waiver of cost bond in the trial court on remand.

Plaintiffs presented individualized evidence of their indigency and inability to obtain a cost bond from a surety.  It was an abuse of discretion for the trial court to rule on the motion without reviewing plaintiffs' evidence and all other relevant factors under section 995.240.

## DISPOSITION

The judgment and orders are reversed.  Costs on appeal are awarded to plaintiffs.


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


O'NEILL, J.*


---

\*      Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.