Filed 5/5/21  Leedy v. Bell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| SUSAN LEEDY, | |
| Plaintiff and Appellant, | E073739 |
| v. | (Super.Ct.No. RIC1900982) |
| GARY EVAN BELL, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.  Affirmed.

The Law Office of Evan D. Williams and Evan D. Williams for Plaintiff and Appellant.

Callahan, Thompson, Sherman & Caudill, and Christopher J. Zopatti for Defendant and Respondent.

In this civil case, the trial court granted defendant and respondent Gary Evan Bell's demurrer and gave plaintiff and appellant Susan Leedy 30 days to amend her

1

complaint.  She did not do so, so the court dismissed the case and entered judgment against her.

Leedy contends on appeal that the dismissal was an abuse of discretion because she was in jail during the amendment period.  But incarceration does not automatically put cases on pause, and while jail conditions may prevent access to the courts in specific cases, thereby warranting relief, the record is devoid of any specifics here.  She therefore fails to establish an abuse of discretion, and we affirm.

## I.  BACKGROUND

In January 2019, Leedy filed a complaint against Bell, her one-time therapist, alleging causes of action for professional negligence, sexual contact, breach of fiduciary duty, and intentional infliction of emotional distress.  She was self-represented at the time.[1]

Bell filed a demurrer.  When the court heard the demurrer in May, Leedy was in jail, having been arrested the previous month for apparently violating a restraining order Bell had obtained against her.  Leedy did not appear at the hearing, and Bell's counsel informed the court that Leedy was in jail.  The court sustained the demurrer with 30 days leave to amend.

---

[1] We grant Bell's request for judicial notice (see Evid. Code, § 452, subd. (d)), and we grant Leedy's motion to augment the record (see Cal. Rules of Court, rule 8.155(a)(1)(A).)  We have already granted Bell's motion to augment by previous order.

Leedy did not amend her complaint within the 30 days, so Bell sought an ex parte motion to dismiss the case pursuant to Code of Civil Procedure section 581, subdivision (f)(2) (section 581(f)(2)), which the court granted soon after the 30 days had expired.[2] At a separate hearing in the case two weeks before the ex parte hearing, Bell's counsel stated that Leedy was still in jail. There was no discussion of Leedy's incarceration at the ex parte hearing itself. In July, the trial court entered a judgment of dismissal. Approximately a week and a half later, Leedy was let out of jail. She then obtained counsel and appealed.[3]

## II. DISCUSSION

Leedy's sole contention is that the trial court erroneously dismissed her case. A trial court's determination to dismiss an action under section 581(f)(2) is reviewed for abuse of discretion. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.) "The trial court's 'discretion is only abused where there is a clear showing [it] exceeded the bounds of reason, all of the circumstances being considered.'" (*Meeks v.*

---

[2] Section 581(f)(2) provides that, with exceptions not relevant here, a court may dismiss a complaint "after a demurrer to the complaint is sustained with leave to amend, [and] the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

[3] Leedy's notice of appeal indicates that she is appealing from an order after judgment, but this appears to be in error, as her brief addresses only the dismissal order and resulting judgment. In his respondent's brief, Bell addresses Leedy's arguments and does not contend that he is prejudiced by the apparently erroneous scope indicated in the notice of appeal. Following the requirement that we liberally construe notices of appeal (see *K.J. v. Los Angeles Unified School District* (2020) 8 Cal.5th 875, 882), we construe the appeal as incorporating the judgment of dismissal.

*Autozone, Inc.* (2018) 24 Cal.App.5th 855, 861.) The burden is on plaintiff to establish such abuse. (*Leader v. Health Industries of America, Inc.*, *supra*, at p. 612.)

When the trial court heard Bell's ex parte motion in June, it was aware that Leedy had been in jail for at least most of the 30-day amendment period. Leedy equates incarceration with an inability to participate in litigation. However, constitutional and statutory law allows prisoners to litigate cases. For instance, "[a]ccess to the courts is 'a right guaranteed to all persons by the federal and state Constitutions,'" a right that "extends to prisoners." (*Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 465.) Moreover, under the Penal Code, prisoners have a statutory right "[t]o initiate civil actions" as plaintiffs. (Pen. Code, § 2601, subd. (d); see also 15 Cal. Code Regs., tit 15, § 3123, subd. (b) [all prisoners "shall be entitled to physical law library access that is sufficient to provide meaningful access to the courts"].)[4] Leedy therefore had the presumptive ability to continue litigating her case from jail, and the trial court did not err in holding her to the 30-day amendment period despite her incarceration.

Leedy's other arguments do not convince us that the trial court abused its discretion. Leedy contends that the trial court erred because it failed to take less drastic actions instead, such as imposing sanctions. But "the circumstance that the trial court arguably could have exercised its discretion differently does not establish that the manner in which it did exercise its discretion falls outside the bounds of reason." (*Meeks v.*

---

[4] These authorities apply specifically to people incarcerated in prison, not necessarily jail, but no one contends that this distinction makes a difference here.

4

*Autozone, Inc.*, *supra*, 24 Cal.App.5th at p. 868.) The mere fact that the trial court could have imposed sanctions or taken other actions does not mean its dismissal order was improper.

Additionally, Leedy takes issue with a comment made by the trial court at the demurrer hearing, telling Bell's counsel that "if [Leedy] does not amend within 30 days, just come back under [section] 581(f)(2) and we'll dismiss the entire action." To Leedy, the statement gave Bell advice on what to do, and it indicated how the court would rule on a 581(f)(2) motion before one was even filed. We are not persuaded that this relatively innocuous remark about an obvious procedural matter crosses the line between reasonable calendar management efforts—which include the duty to move cases expeditiously to judgment, rather than allowing them to linger on the docket after a sustained demurrer despite the absence of a timely filed amendment—and inappropriate advice to one party at the expense of another.

Moreover, nothing about the fact that Bell was prompted by the court to file a section 581(f)(2) motion if Leedy failed to timely amend tends to show that the decision to grant such a motion was unreasonable on the facts. To the contrary, on the facts before the trial court, it is unlikely that any judge would have ruled differently. When the trial court dismissed the case and later entered judgment, the record before it established only that Leedy was in jail, and that she had failed to timely amend her complaint. The mere fact of incarceration does not entitle a party to relief from civil litigation deadlines, and Leedy had not attempted to show why relief from her deadline to amend her complaint

5

might have been warranted. Indeed, she *never* presented the trial court with the opportunity to consider any applicable extenuating circumstances.[5] This case could be different had she done so. Accordingly, the trial court did not abuse its discretion in dismissing the case under section 581(f)(2) and entering judgment against her.

## III.  DISPOSITION

The judgment is affirmed.  Bell is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

---

[5]  Although Leedy filed a motion for reconsideration pursuant to Code of Civil Procedure 1008 about two weeks after leaving jail, she withdrew it before the court could hear it, possibly because the motion was filed some two months after Leedy had been served notice of the dismissal order.  (See Code of Civ. Proc., § 1008, subd. (a) [motion for reconsideration must be made "within 10 days after service upon the party of written notice of entry of the order"].)  Leedy never filed a motion for relief pursuant to Code of Civil Procedure section 473, subdivision (b).  (See Code of Civ. Proc., § 473, subd. (b) ["The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her . . . excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."].)