Filed 1/20/26  Elasali v. Regents of the U. of Cal. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NOUREDDINE ELASALI, | D084363 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00019438-CU-MM-CTL) |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Affirmed.

Noureddine Elasali, in pro. per., for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza and Nathan J. Novak; Lotz Doggett & Rawers, Lauren E. Hardisty and Sara R. Sabzerou for Defendant and Respondent.

Noureddine Elasali appeals from an order of dismissal following his failure to file a second amended complaint (SAC).  Elasali contends he "had good cause to request [the] case off calendar" due to his ongoing medical symptoms that prevent him from representing himself or amending his

complaint, as the trial court ordered. Elasali additionally contends that the court's order for monetary sanctions constitutes "cruel and unusual punishment" under the 8th Amendment, and that the court's refusal to help him acquire "documents to retain [an] attorney" violates his 14th Amendment right to equal protection. We reject these contentions.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Elasali filed the underlying action in June 2020. Elasali served the Regents of the University of San Diego (Regents) with his complaint and summons only after the trial court afforded him considerable latitude in extending the service deadline. The Regents demurred, and the court sustained the demurrer on uncertainty grounds with leave to amend.

Elasali filed his first amended complaint (FAC) in early 2023. In the FAC, Elasali alleged that the Regents caused the wrongful death of his mother and engaged in related elder abuse. He sought damages on claims of negligence per se, trespass to chattels, and fraud. The Regents demurred and moved to strike portions of the FAC. The trial court again sustained the demurrer with leave to amend and set a deadline for Elasali to file and serve the SAC. The court also granted Elasali's request to stay the case to allow him to recover from his illness.

In late 2023, prior to Elasali's deadline to file and serve the SAC, he moved for an additional stay, claiming his medical condition had worsened. The trial court denied this request, finding he failed to show "good cause" for a further continuance. Elasali then failed to file and serve his SAC by the court-ordered deadline. In response, the court set an order to show cause hearing on why it should not accordingly dismiss the action.

Before the order to show cause hearing, Elasali filed another request to stay the action, this time attaching a letter from a nurse practitioner. The

letter stated that Elasali "has underlying medical conditions," briefly described his symptoms, and opined that he "is in need of ADA accommodations." The trial court denied Elasali's renewed request to stay the action, finding no "good cause to grant the relief." The court advised Elasali to seek assistance from the bar association and legal aid clinics and to contact the civil business office to request ADA accommodations.

Before the hearing on its order to show cause, the trial court heard the Regents' three motions to compel further discovery responses from Elasali. Because Elasali had failed to "[meet] his burden of justifying the objections" to the Regents' discovery, the court granted the Regents' "request for monetary sanctions for all three motions . . . in the reduced amount of $1,012.50."

The record on appeal does not show what information Elasali provided to the trial court, but he now represents that he contacted legal aid but they told him they do not take medical malpractice or wrongful death cases. He further asserts that the civil business office of the superior court would not return his calls. Finally, he states that he contacted the "attorney referral agency" but they would not assist him without the names of doctors and certain medical records pertaining to his mother, which the Regents refused to provide.

At the hearing on the order to show cause, the trial court did "not find good cause to excuse [Elasali's] failure to file the [SAC] as ordered," and accordingly dismissed the action without prejudice.

On appeal, Elasali filed requests to appoint counsel, to compel production of documents from the Regents, and to augment the record. We denied each of these requests.

3

Elasali argues that the "[t]rial court erred by dismissing the case" because he demonstrated "good cause" to stay the matter through the nurse practitioner's letter. We disagree.

## A. *Guiding Principles*

A trial court "may dismiss the complaint . . . after a demurrer to the complaint is sustained with leave to amend, [when] the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (Code Civ. Proc.,[1] § 581, subd. (f)(2); *Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 807 (*Nuño*).)

"A trial court's determinations . . . to dismiss an action under section 581, [subdivision] (f)(2) . . . [is] reviewed for abuse of discretion. The burden is on plaintiffs to establish such abuse." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.) "The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*Nuño, supra,* 47 Cal.App.5th at p. 808.) There is "no abuse of discretion requiring reversal if there exists a reasonable or fairly debatable justification under the law for the trial court's decision or, alternatively stated, if that decision falls within the permissible range of options set by the applicable legal criteria." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957 (*Cahill*).)

## B. *Elasali Fails to Proffer Legal Authority or Argument to Establish an Abuse of Discretion*

On appeal, "a propria persona litigant . . . is entitled to the same but no greater consideration than other litigants. [Citations.] Accordingly, [they] must follow the rules of appellate procedure. Those rules require an

---

[1] All statutory references are to the Code of Civil Procedure.

appellate brief to support each point by argument and, if possible, by citation to authority . . . . (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) . . . . Further, we may treat a point that is not supported by cogent legal argument as forfeited." (*County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 861; accord, *Cahill, supra*, 194 Cal.App.4th at p. 956 [we have no obligation "to develop appellants' argument for them"].)

We are cognizant that Elasali suffers from medical conditions that may diminish his ability to self-represent in this proceeding. While we are sympathetic, he is subject to the same rules as all appellants, which require cogent legal arguments for any contentions he makes. (See *Cahill, supra*, 194 Cal.App.4th at p. 956.) Although Elasali asserts that the trial court abused its discretion by dismissing the underlying action, he fails to provide any legal argument or authority to support this point. Accordingly, we hold (1) Elasali has not met his burden of showing the court abused its discretion or exceeded governing law (see *Nuño, supra*, 47 Cal.App.5th at p. 808); and (2) for this reason he forfeited this challenge on appeal (see *Cahill*, at p. 956).

### C. *Elasali Forfeited his Constitutional Challenges*

Elasali additionally argues that the trial court's imposition of monetary sanctions related to the Regent's motions to compel further responses to discovery was "cruel and unusual punishment" under the 8th Amendment; and that the court violated his right to equal protection by not assisting him in gathering certain investigative documents.

Both the 8th and 14th Amendments of the United States Constitution apply to the states. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.) However, Elasali does not provide cogent legal arguments or authority about how the trial court's actions or omissions violate his constitutional rights or support these contentions. Accordingly,

5

we are constrained to conclude he forfeited both constitutional challenges. (See *Cahill, supra*, 194 Cal.App.4th at p. 956.)

## DISPOSITION

We affirm the order dismissing the underlying action.  Regents shall recover its costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(1).)


KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.

6