Filed 1/28/25  Harris v. Proskauer Rose LLP CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JODI C. HARRIS,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>PROSKAUER ROSE LLP et al.,<br><br>        Defendants and Respondents. | B325846<br><br>(Los Angeles County<br>Super. Ct. No.<br>21STCV38781) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

        Krutcik Law Group and James A. Krutcik for Plaintiff and Appellant.

        Proskauer Rose, Lary Alan Rappaport, Anthony J. Oncidi, Philippe A. Lebel, and Christina H. Kroll for Defendant and Respondent Proskauer Rose LLP.

        No appearance by Defendant and Respondent Kate Gold.

Plaintiff Jodi Harris (plaintiff) sued her former employer and its attorneys, Proskauer Rose LLP (Proskauer) and Kate Gold (Gold) (collectively, the attorney defendants).[1] The trial court sustained the attorney defendants' demurrer without leave to amend for two independently sufficient reasons: because plaintiff had not alleged facts sufficient to state a cause of action against the attorney defendants and because plaintiff could not meet certain statutory requirements to assert a cause of action against an attorney. In this appeal from the trial court's judgment of dismissal, we are asked to decide whether the trial court abused its discretion in striking plaintiff's late-filed, proposed first amended complaint and whether (only) one of the two grounds for sustaining the demurrer is flawed.

## I. BACKGROUND

In October 2021, plaintiff filed a form complaint against the attorney defendants and others: Industrial Manufacturing Corporation (IMC), Arrowhead Products (Arrowhead), Andrew Whelan, Mark Davidson, Shannon George, and John Cvetic. There is little in the complaint about plaintiff's relationship to

---

[1] Attorneys from Proskauer represented both Gold and the firm in the trial court and filed documents on behalf of both clients in this court. On January 8, 2024, Proskauer notified this court that Gold died on January 3, 2024. Proskauer filed a respondent's brief on its own behalf, but no respondent's brief was filed on behalf of Gold. "[W]e do *not* treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but examine the record, appellant's brief, and any oral argument by appellant to see if it supports any claims of error . . . ." (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)

the defendants—only an allegation that "[d]efendants, and each of them, entered into and/or maintained an agreement for employment with Plaintiff to handle Human Resources duties at [d]efendants' offices . . . ." The complaint also fails to specify the relationships among the defendants and provides no details concerning the role of the attorney defendants.

The complaint alleges causes of action for breach of her employment contract, sexual and other harassment, discrimination, wrongful termination, "statutory wage violations and statutory unlawful business practices," and fraud.[2]

The attorney defendants filed a demurrer in July 2022, with a hearing noticed for August 12, 2022. They argued the complaint fails to allege facts sufficient to state a cause of action against them because, among other things, there are no allegations they had an employment relationship with plaintiff and, in any case, it cannot "be discerned . . . what, if anything, . . . [the attorney defendants] did, or failed to do, that could give rise to any of the claims asserted against them."[3] The attorney defendants further argued it is not clear whether the alleged employment contract upon which most of the causes of action are

---

[2]     The form complaint indicates "[t]he following causes of action are attached" and lists breach of contract, harassment, discrimination, wrongful discharge, wage violations, and intentional/negligent infliction of emotional distress. The attachments do not perfectly correspond to this list.

[3]     The attorney defendants filed a request for judicial notice with their demurrer. Among other things, they requested judicial notice of documents purporting to establish that Arrowhead is plaintiff's former employer and the attorney defendants are outside legal counsel for Arrowhead.

based was written, oral, or implied by conduct, and they argued the complaint is uncertain because it "relies on generic, boilerplate allegations" and combines multiple claims into single causes of action.

Later that same month, plaintiff and the attorney defendants stipulated, "subject to the approval of the [trial court]," to vacate the hearing on the attorney defendants' demurrer and to extend the time for plaintiff to file a first amended complaint from August 1, 2022, to August 31, 2022.

On August 1, 2022, the trial court issued an order vacating the hearing on the demurrer and extending the time for plaintiff to file her first amended complaint to August 11, 2022—as opposed to the August 31, 2022, deadline to which the parties had agreed. As the trial court explained in a later order, it selected the sooner August 11 date "so that plaintiff's amended complaint could be considered at a previously calendared August 12, 2022[,] hearing on a motion to compel arbitration."

As we shall discuss in more detail, plaintiff did not file her first amended complaint by the August 11, 2022, deadline. Instead, plaintiff filed a proposed first amended complaint on August 31, 2022 (the date provided in the stipulation before the trial court modified and advanced the due date for an amended complaint). Nothing in the appellate record indicates plaintiff sought or obtained the trial court's leave to file the proposed amended complaint when she did.

As pertinent to this appeal, the first amended complaint alleges Proskauer "w[ere] the attorneys for, and employees, [ ] supervisors, an officers, directors, managers and/or agent of

4

[d]efendants, including [plaintiff's] employer[,] [IMC] [sic]."[4] Among other things, the complaint alleges Proskauer "maintained a decades-long, incestuous business relationship with DEFENDANTS . . . . This lengthy, close relationship between client and attorney led to the attorneys['] near-daily intimidating and confusing presence in the workplace, often vacillating from employee-friend, mentor, and counselor, to supervising employee personnel who gave directives, exacted admonishments, and issued derogatory remarks/notations, punishments and reprimands to employees," including by leading "ineffectual and/or intimidating 'kangaroo court' investigations into workplace violations which did nothing except ratify unlawful conduct[ ] and encourage/promote hostile, discriminatory, and harassing workplace practices." The first amended complaint includes similar allegations as to Gold, including that she was "often in charge of [Proskauer's] ineffectual and/or intimidating 'kangaroo court' investigations . . . ."

The first amended complaint alleges the attorney defendants "attempted to minimize and hide certain [defendants'] harassing and unlawful conduct." In particular, Gold allegedly "criticized, demeaned, and mocked [plaintiff] and her wardrobe, work attire, physical appearance, marital status and demeanor" when plaintiff brought complaints to her. After plaintiff complained of stalking, Gold allegedly "verbally attacked

_____

[4] The first amended complaint alleges causes of action for breach of contract, sexual and gender harassment/discrimination, wrongful termination, "statutory wage violations and statutory unlawful business practices," fraud, "retaliation and failure to stop retaliation," and intentional infliction of emotional distress.

[plaintiff], tried to coerce a retraction, and then tried to convince her that the abuse was inconsequential or worse, her fault."

In the meantime, the attorney defendants renewed their demurrer to plaintiff's original complaint. Plaintiff opposed the renewed demurrer, arguing it was moot. Specifically, plaintiff argued the first amended complaint was the operative pleading because the attorney defendants' counsel was at fault for her failure to timely file the amended complaint in the time permitted by the trial court's order.[5] Plaintiff also requested "relief provided for by [Code of Civil Procedure] [s]ection 473" but did not otherwise specify the relief she was requesting.

In a reply brief in support of their demurrer, the attorney defendants argued plaintiff's first amended complaint was a nullity, the demurrer was procedurally proper, and plaintiff should not be permitted to file the first amended complaint because, among other things, she had not complied with gatekeeping requirements set forth in Civil Code section 1714.10.[6]

---

[5] The reason for plaintiff's failure to timely file her first amended complaint does not affect our disposition of this appeal. But plaintiff's suggestion in the trial court that defense counsel engaged in "deceptive" conduct (echoed in the opening brief's characterization of the renewed notice of hearing as a "surprise attack") is unsupported by the record. As plaintiff's attorney ultimately conceded at a hearing in the trial court, "It is not that I did not read the order that was distributed to me. I did not see the small annotation on the change of date."

[6] Section 1714.10, subdivision (a) provides, in pertinent part, that "[n]o cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based

At a hearing on the demurrer in September 2022, the trial court indicated it was inclined to sustain the demurrer and explained plaintiff's "opposing papers [did] not have any substantive argument" and the "procedural arguments [were] not persuasive." In the trial court's view, plaintiff "had a deadline to file a first amended complaint and that was missed," and "[plaintiff] didn't seek leave of court to later file a first amended complaint." The trial court accordingly struck the first amended complaint and emphasized that although "the clerk is not empowered to reject filings, . . . that does not make a received document in compliance with a court order that was violated."

The "only [remaining] question" the trial court had was "whether or not leave to amend should be granted." After discussing the applicability of section 1714.10, the trial court acknowledged the issue "ha[d]n't been fully briefed" because "it was only raised in the reply brief." The trial court asked plaintiff whether, if granted leave to amend, she would "be tendering the now stricken first amended complaint or some other first amended complaint." Plaintiff's counsel responded that, "given the court's history, my history with this case, the court's interest in moving this case along, I probably would just serve that one again." The trial court clarified, "So you have not decided whether you would tender the now stricken first amended

upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action."

Undesignated statutory references that follow are to the Civil Code.

7

complaint or draft a new one; is that the short version?"
Plaintiff's counsel responded, "I would say if the court gave me
leave to file . . . my first amended complaint today, I would do
that with the existing one."

Following further discussion of whether plaintiff would
adhere to the procedure set forth in section 1714.10 prior to filing
a first amended complaint, the trial court reiterated its
understanding that, "if [the court were to] give leave to amend,
what we're now hearing . . . [is] it is almost certainly going to be
the first amended complaint probably without a request under
1714.10." Plaintiff's counsel did not dispute this summary of his
position.

The trial court then took the matter under submission and
later issued an order sustaining the demurrer without leave to
amend. The court found the original complaint was the operative
complaint and failed to state a cause of action against the
attorney defendants because "the form complaint has no specific
allegations against Proskauer/Gold, but simply makes conclusory
and general allegations against 'all defendants.' The demurrer
then argues that the first cause of action [for breach of contract]
fails to allege the parties to the alleged contract, the contract's
material terms and whether the contract is oral or written.
Without facts showing a contractual relationship between
plaintiff and Proskauer/Gold, the second through fourth causes of
action must also fail. As to the fifth cause of action for fraud, the
complaint fails to allege the requisite 'who, what, when, how, and
by whom' of any alleged misrepresentations by Proskauer/Gold."

With respect to leave to amend, the trial court highlighted
plaintiff's counsel's representation that "he would simply refile
the [first amended complaint]" and determined this would not

8

cure the defects in the operative complaint for two independent reasons. First, "the proffered [first amended complaint] remains defective as to Proskauer/Gold. The bases for including these defendants are vague and conclusory assertions of 'alter ego,' 'agency' and 'aiding and abetting.' As with the original complaint, there are no *facts* showing an employment relationship between plaintiff and these attorney defendants. Because the so-called 'agreement for employment' allegations are incorporated by reference in each succeeding cause of action, there is no factual basis for asserting other theories of liability as to these defendants. Nor does the [first amended complaint] contain the required specificity as to the fraud claim."

Second, and in the alternative, the trial court determined plaintiff had not satisfied "the gatekeeping provisions of Civil Code [section] 1714.10 . . . . The statute requires more than generalized claims of liability before an action may be brought against an attorney who performed legal services. Instead, a prima facie showing must first be made by 'verified petition' and 'supporting affidavits' that the attorney had an independent legal duty to the plaintiff." The proposed first amended complaint "fail[ed] to plead facts showing an independent legal duty owed by these defendants to plaintiff" and "otherwise . . . ignored the requirements of Civil Code [section] 1714.10."

## II. DISCUSSION

Plaintiff contends the trial court erred in striking her late-filed first amended complaint and in concluding section 1714.10 justified sustaining the demurrer without leave to amend. As we shall explain, the former argument lacks merit and the latter is

9

ineffectual—addressing only one of two independently sufficient grounds for the trial court's ruling on the demurrer.

### A. *The Trial Court Acted Within Its Discretion in Striking the Untimely First Amended Complaint*

Plaintiff's last day to file a first amended complaint was August 11, 2022—the date set by the trial court in its order granting the parties' stipulation. (Code Civ. Proc., § 472, subd. (a).) As we have already discussed, plaintiff missed this deadline and filed her first amended complaint on August 31, 2022.

Section 436 of the Code of Civil Procedure provides that the trial court may, "upon a motion [to strike] made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper: [¶] . . . [¶] (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." A trial court does not abuse its discretion in striking pleadings not filed in conformity with its prior rulings. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613.)

Plaintiff argues in a single paragraph that the trial court's striking order was error because she was entitled to "recourse," "notice," or an "opportunity to be heard" on the matter. This argument lacks merit because the trial court's statutory authority to strike an unauthorized pleading "at any time in its discretion" does not require notice or a hearing. (Code Civ. Proc., § 436, subd. (b).) Indeed, the statute expressly distinguishes this authority from the trial court's authority pursuant to a noticed motion to strike. (*Ibid.*) Regardless, plaintiff did have the notice and opportunity to be heard she claims she was owed: she argued the first amended complaint was properly filed in her opposition

to the attorney defendants' demurrer to the original complaint, and the court considered that argument in the context of ruling on the demurrer.

> ### B. *Plaintiff Does Not Challenge the Trial Court's Finding That the Complaint Fails to State a Cause of Action Against the Attorney Defendants and the Proposed First Amended Complaint Does Not Cure the Defect*

Plaintiff attacks the trial court's reliance on section 1714.10 to sustain the demurrer without leave to amend on multiple fronts. She contends the statute does not apply, the attorney defendants waived the issue by raising it for the first time in their reply in support of the demurrer, and the attorney defendants' delay in raising the issue violated meet-and-confer requirements and deprived plaintiff of notice. We do not address any of these arguments on the merits because plaintiff does not challenge the other independently sufficient ground for the trial court's order sustaining the demurrer without leave to amend: plaintiff's failure to state a cause of action against the attorney defendants in the operative complaint *and* the proposed first amended complaint's failure to remedy this issue.[7] Plaintiff therefore has not affirmatively shown error warranting reversal even if her section 1714.10 arguments are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Beverage v. Apple,*

---

[7] Proskauer's respondent's brief emphasizes plaintiff's opening brief "fails to address the first ground on which the court denied leave to amend: the failure of the proffered [first amended complaint] to cure the defects of the [operative c]omplaint." Plaintiff did not file a reply brief in this court.

11

*Inc.* (2024) 101 Cal.App.5th 736, 752 [because the plaintiffs challenged the dismissal of only one cause of action, "they ha[d] abandoned any claim of error in the other aspects of the trial court's ruling on [the defendant's] demurrer"].)

## DISPOSITION

The judgment is affirmed.  Proskauer is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:


MOOR, J.


KIM (D.), J.